### 19901

The STATE, Appellant, v. Fannie Dubose FENNELL, Respondent.
(209 S. E. (2d) 433)

*Messrs. Daniel R. McLeod, Atty Gen., Joseph C. Coleman, Dep. Atty. Gen., Robert M. Ariail Asst. Atty. Gen.,* and *Wade S. Kolb, Jr., Staff Atty.,* of Columbia, *for Appellant,*

*Messrs. Mays, Bishop & Hughston,* of Greenwood, *for Respondent.*

October 30, 1974.

BUSSEY, Justice:

On May 13, 1973 the respondent, Fannie Dubose Fennell, was charged by the State Highway Patrol with driving a motor vehicle while under the influence of intoxicating liquor. She was served with a copy of a uniform traffic ticket requiring her to appear before Magistrate R. E. Wingard of Ninety Six, Greenwood County, South Carolina. She was tried before the magistrate and a jury on July 10, 1973, but the jury being unable to agree, a mistrial was ordered. The magistrate, thereafter, on the same day accepted from the respondent a plea of guilty of reckless driving, in lieu of proceeding further with respect to the offense with which she was charged. No warrant, uniform traffic ticket or other process had been issued charging the respondent with the offense of reckless driving.

Still later on the same day, July 10, 1973, the magistrate wrote the respondent a letter informing her that he had been in error in accepting a guilty plea to reckless driving and further informing her that the charge of driving under the influence of intoxicants would be set for retrial. The respondent appealed from such action by the magistrate and the circuit court issued its order under date of January 12, 1974, holding that the magistrate was empowered to accept a guilty plea to the charge of reckless driving and that the State could not further prosecute the offense of driving under the influence of intoxicants. From such order the State appeals.

Code section 46-343 makes it unlawful for "any person who is under the influence of intoxicating liquors * * * to drive any vehicle within this State." Code section 46-342 provides that "Any person who drives any vehicle in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

The essential question raised by the appeal is whether or not the lesser offense of "reckless driving" is included within the greater offense of driving under the influence of intoxicating liquors, the only offense with which respondent was properly charged. The general rule is that an indictment will sustain a conviction for a lesser offense included within a greater offense charged. See cases collected in West's South Carolina Digest, Indictment and Information, Key No. 189. This rule is elaborated upon in 42 C. J. S. Indictments and Informations § 286, where it is said,

"However, a conviction may be had of an offense different from the one specifically charged *only* when such offense is an essential element of that charged or when it is shown by proper averments that a minor offense was in fact included in the offense charged, and *only* when the greater offense charged includes all the legal and factual elements of the lesser offense. (Emphasis supplied.)"

The rule is also elaborated upon in 41 Am. Jur. (2d), 1074, Indictment and Information, section 313. We quote therefrom as follows.

"The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, in order to sustain a conviction of the latter offense. If the greater of two offenses includes all the legal and factual elements of

the lesser, the greater includes the lesser, but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater."

Numerous authorities have held that the statutory offense of reckless driving is not a lesser offense included within the statutory offense of driving under the influence, but that the two are separate and distinct offenses, each involving necessary elements of proof not included in the other. *Peterson v. Jacobson,* 2 Ariz. App. 593, 411 P. (2d) 31 (1966); *People v. McGrath,* 94 Cal. App. 520, 271 P. 549 (1928); *People v. Byrne,* 65 Misc. (2d) 174, 317 N. Y. S. (2d) 242 (1970); *Luellen v. State,* 64 Okl. Cr. 382, 81 P. (2d) 323 (1938); *State v. Sisneros,* 42 N. M. 500, 82 P. (2d) 274 (1938); *City of Dayton v. Allen,* 200 N. E. (2d) 356 (Ct. Com. Pls. of Ohio 1959); *State v. Richardson,* 343 S. W. (2d) 51 (Mo. 1961); *People v. Clenney,* 165 Cal. App. (2d) 241, 331 P. (2d) 696 (1958); *People v. Schumacher,* 194 Cal. App. (2d) 335, 14 Cal. Rptr. 924 (1961). If there be any authority to the contrary such has not come to our attention.

Section 46-871, 1973 Cum. Supp. to the Code, provides for the issuance of uniform traffic tickets and the vesting of traffic courts with jurisdiction to hear and dispose of charges for which such tickets are issued.

Code section 43-111 provides:

"All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue."

The issuance of either a uniform traffic ticket or a warrant charging the respondent with the offense of reckless driving was necessary to give the magistrate jurisdiction to dispose of that particular offense. *State v. Praser,* 173 S. C. 284, 175 S. E. 551 (1934); *Town of Honea Path v. Wright,* 194 S. C. 461, 9 S. E. (2d) 924

(1940) ; *State v. Langford,* 223 S. C. 20, 73 S. E. (2d) 854 (1953). An accused cannot waive compliance with statutory requirements essential to the magistrate's acquiring jurisdiction of the particular offense. *Town of Honea Path v. Wright, supra.*

Since reckless driving is not a lesser offense included within the offense of driving under the influence of intoxicants and respondent was not properly charged with the offense of reckless driving, it follows that the magistrate was without jurisdiction to accept a plea of guilty to the offense of reckless driving and thereby dispose of the case. It follows that the circuit court was in error and the judgment thereof is reversed. The cause is remanded to the lower court for the purpose of remanding the same to the magistrate's court.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.