21382

The STATE, Respondent, v. Larry Eddie SUMMERS, Appellant.

(274 S. E. (2d) 427)

12

*Hugh S. Roberts,* of *Kirkland, Aaron & Alley,* and *John W. Foard, Jr.,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Russell D. Ghent,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

January 21, 1981.

Lewis, Chief Justice:

Under an indictment charging only criminal sexual conduct in the first degree, the trial judge also submitted to the jury the issue of appellant's guilt of criminal sexual conduct in the second and third degrees on the theory that the latter were lesser included offenses of criminal sexual conduct in the first degree. Appellant was found guilty of criminal sexual conduct in the second degree and appeals. Two questions are presented: (1) Whether second and third degree criminal sexual conduct are lesser included offenses in a charge of first degree criminal sexual conduct and (2) whether error was committed in dealing with a request of the jury during their deliberations that they be allowed to listen again to portions of the testimony. We affirm.

Under Section 16-3-651 *et seq.,* Supplement 1976 Code of Laws, the General Assembly has attempted to redraft and consolidate the statutory law relative

to sexual offenses in this State. Section 16-3-651 defines certain terminology used in the statute. The term rape is not used but the sexual offenses are referred to as *criminal sexual conduct*.

Criminal sexual conduct is divided into degrees—the first degree of the offense is defined in Section 16-3-652, the second degree in Section 16-3-653, and the third degree in Section 16-3-654, with the punishment varying according to the degree of the offense. The pertinent portions of these sections, setting forth the degrees of the offenses, are as follows:

Section 16-3-652. *Criminal sexual conduct in the first degree.*

(1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:

(a) The actor uses aggravated force to accomplish sexual battery.

(b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

Section 16-3-653. *Criminal sexual conduct in the second degree.*

(1) A person is guilty of criminal sexual conduct in the second degree if the actor uses aggravated coercion to accomplish sexual battery.

Section 16-3-654. *Criminal sexual conduct in the third degree.*

(1) A person is guilty of criminal sexual conduct in the third degree if the actor engages in sexual battery with the

victim and if any one or more of the following circumstances are proven:

(a) The actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances.

(b) The actor knows or has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless and aggravated force or aggravated coercion was not used to accomplish sexual battery.

In *State v. Fennell*, 263 S. C. 216, 209 S. E. (2d) 433, we applied the general rule, as stated in 42 C. J. S., *Indictments and Informations*, Section 286, that a conviction may be had of an offense different from the one specifically charged *only* when such offense is an essential element of that charged and only when the greater offense charged includes all the legal and factual elements of the lesser offense. All of the quoted statutes deal with only the offense of criminal sexual conduct, and divides or classifies that offense into three grades according to the circumstances attending its commission. All of the statutes (degrees of the offense) require the common element of a sexual battery which is defined in Code Section 16-3-651(h). The only difference in the degrees of the crime is in the nature of the circumstances surrounding the commission of the sexual battery. The first degree requires the affirmative use of aggravated force, either upon the victim, or submission by the victim from the forceful, simultaneous commission of another designated offense or act; while the second degree only requires a threat of force or violence of a high and aggravated nature. In the third degree of the offense, the use of force or coercion to accomplish the sexual battery is unaccompanied by aggravating circumstances. It seems evident that the statutes simply determine the degree of the offense by the level or presence of aggravation.

We conclude that the offense of criminal sexual conduct in the second and third degrees are lesser included offenses

in a charge of criminal sexual conduct in the first degree and, if the facts warrant, the lesser degrees of the offense may be submitted to the jury under a charge of the first degree.

Of course, the law to be charged in a case is determined by the evidence presented. *State v. Gates,* 269 S. C. 557, 238 S. E. (2d) 680. Whether or not, under a charge of criminal sexual assault in the first degree, the lesser included degrees of the offense are properly to be considered by the jury will depend upon the facts of each case.

There is no contention that the evidence failed to support the appellant's conviction of criminal sexual conduct in the second degree. Since we hold that the charge of first degree criminal sexual conduct also includes a charge of the lesser degrees of the same offense, where the evidence warrants, the contention of appellant that he was convicted of an offense not charged in the indictment is without merit.

Finally, appellant charges that he was prejudiced by the alleged failure of the trial judge to permit the jury to hear again, at their request, a portion of the testimony elicited under cross-examination after allowing them to hear the same witnesses testimony elicited on direct examination.

It appears that, after beginning its deliberations, the jury returned and requested to hear again the testimony of the doctor and the victim. When the trial judge asked if the jury wanted to hear the direct or the cross-examination, or both, the foreman replied, "Both, I believe". Apparently, the testimony of the witnesses was recorded and the record has the following entry: "Testimony of Doctor and Miss Tews (the victim) played for the jury." There was then a colloquy between the judge and the foreman relative to the desire of the jury to hear a particular portion of the victim's testimony, followed by the entry: "Portion of Miss Tews' (victim's) testimony played back." The jury was then given

further instructions as to the law and permitted to return to the jury room.

After the jury returned to its deliberations, counsel for appellant entered an exception, stating: "We except to your honor not allowing the jury to listen to the cross-examination of the prosecuting witness in the same area of testimony that the jury listened to of the direct examination." The trial judge and the State's attorneys have no recollection of what transpired in this regard, and the record fails to show specifically what testimony was reproduced for the jury.

We recently pointed out in *State v. Plyler,* S. C., 270 S. E. (2d) 126, the broad discretion vested in the trial judge in dealing with requests of the jury to review evidence during their deliberations.

Since the rulings of the trial judge were discretionary, prejudice must be shown to constitute reversible error.

While the record fails to show what testimony was reproduced for the jury, it is reasonably inferable that the jury was satisfied with the court's response to their requests and indicated no further need for a review of the testimony.

In view of the failure of the record to clearly show a failure of the court to comply with the request of the jury and the inference that the jury apparently felt their request had been met, we find no abuse of discretion.

Judgment affirmed.

NESS, GREGORY and HARWELL, JJ., concur.

LITTLEJOHN, J., not participating.