21838

The STATE, Respondent, v. James Earl BURGESS, Appellant.
(299 S. E. (2d) 328)

*Asst. Appellate Defender Tara D. Shurling*, of *S. C. Commission of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Martha L. McElveen*, Columbia, and *Sol. Charles M. Condon*, Charleston, *for respondent.*

Jan. 3, 1983.

*Per Curiam:*

Appellant was convicted of first degree criminal conduct and sentenced to twenty-five years inprisonment. Appellant asserts the trial court erred by failing to charge the lesser included offenses of second and third degree criminal conduct. We agree, but affirm on other grounds.

Appellant requested that the trial judge instruct the jury on the lesser included offenses of second and third degree criminal sexual conduct. The trial judge denied the request, ruling that second and third degree criminal sexual conduct were not lesser included offenses of first degree criminal sexual conduct.

This court has held that the offenses of criminal sexual conduct in the second and third degrees are lesser included offenses of criminal sexual conduct in the first degree. *State v. Summers*, 276 S. C. 11, 274 S. E. (2d) 427 (1981). We conclude the trial judge was in error in his ruling. However, we sustain his ruling on other grounds contained in the record. *See* Supreme Court Rule 4, § 8 and *State v. Goodstein*, S. C. 292 S. E. (2d) 791 (1982).

Refusal to submit a lesser included offense is not error unless there is testimony tending to show that the defendant is guilty *only* of the lesser offense. *State v.*

*Foxworth,* 269 S. C. 496, 238 S. E. (2d) 172 (1977). Under a charge of first degree criminal sexual conduct, the trial judge should submit the lesser included offenses of second and third degree if the facts warrant such instructions. *State v. Summers,* 274 S. E. (2d) 427, 429.

The evidence presented by the State did not support a conviction of second or third degree criminal sexual conduct. Appellant asserted the defense of consent. The facts as presented did not warrant instructions on second or third degree criminal sexual conduct.

Based on the testimony and the evidence presented, the trial judge gave the proper jury instructions.

Accordingly, we affirm.