24238

STATE of South Carolina, Respondent v. Calvin Arno BLAND, Petitioner.

(457 S.E. (2d) 611)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak,* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Holman C.Gossett,* Spartanburg, *for respondent.*

Heard March 7, 1995.

Decided May 1, 1995.

TOAL, Justice:

We granted certiorari to review the opinion of the Court of Appeals in *State v. Bland,* Op. No. 93-UP-347 (Ct. App. filed December 29, 1993). We affirm.

## FACTS

Calvin Arno Bland approached a woman walking to her car in a grocery store parking lot. He grabbed her purse and pulled it twice. As she turned toward him the purse fell from her shoulder and came over her arm and hand. Bland then flung the woman to the ground and fled with the purse.

Thereafter, Bland was tried for assault and battery of a high and aggravated nature and robbery. At trial, the trial judge denied Bland's request of a jury instruction on the statutory offense of purse snatching, S.C. Code Ann. § 16-13-150 (1985). Bland was convicted of both charges. Bland appealed. The Court of Appeals affirmed in a memorandum opinion. *State v. Bland,* Op. No. 93-UP-347 (Ct. App. filed December 29, 1993). This Court granted certiorari.

## LAW/ANALYSIS

Bland contends the Court of Appeals erred in holding purse snatching was not a lesser-included offense of robbery. We disagree.

The test for determining when a crime is a lesser included offense of the crime charged is whether the greater of the two offenses includes all the elements of the lesser offense. *State v. Suttles,* 279 S.C. 87, 302 S.E. (2d) 338 (1983). If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater. *State v. Fennel,* 263 S.C. 216, 209 S.E. (2d) 433 (1974).

Robbery is defined as the felonious or unlawful taking of money, goods or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear. *State v. Drayton,* 293 S.C. 417, 361 S.E. (2d) 329 (1987). Purse snatching is defined as the following:

> Any person who shall *snatch suddenly* and carry away from the person of another a purse or other thing of value with intent to deprive the owner or person lawfully in possession of such article in *circumstances not constituting* grand larceny, *robbery,* or privily stealing from the person shall be guilty of a misdemeanor and shall be punished by imprisonment for not more than two years.

S.C. Code Ann. § 16-13-150 (1985) (emphasis added).

These two crimes do not contain the same elements. One element of section 16-3-150, "snatch[ing] suddenly" a thing of value, is not an element of the robbery. Another element of section 16-13-150, "circumstances not constituting . . . . robbery. Because robbery does not in-

clude all the elements of purse snatching, the Court of Appeals properly held purse snatching is not a lesser included offense of robbery. *Fennel, supra.*

Affirmed.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.