492 S.E.2d 76

**Derrick Kernard HOPE, Petitioner/Respondent,**

v.

**STATE of South Carolina, Respondent/Petitioner.**

No. 24695.

Supreme Court of South Carolina.

Submitted Sept. 18, 1997.

Decided Oct. 13, 1997.

Wanda H. Haile, Senior Assistant Appellate Defender, South Carolina Office of Appellate Defense, Columbia, for petitioner/respondent.

Charles M. Condon, Attorney General, John W. McIntosh, Deputy Attorney General, Teresa A. Knox, Assistant Deputy Attorney General, and Matthew M. McGuire, Assistant Attorney General, Columbia, for respondent/petitioner.

WALLER, Justice:

In March 1987, a jury convicted Derrick Kernard Hope of assault to commit first degree criminal sexual conduct ("CSC") and first degree burglary. He filed for post-conviction relief attacking both convictions.[1] After an evidentiary hearing, a

---

1. We dismissed Hope's direct appeal on August 25, 1987. Hope initially filed for post-conviction relief on December 14, 1988. After an evidentiary hearing, a judge denied relief and this application (along with an amended one dated September 7, 1989) was dismissed on September 7, 1989. On June 24, 1992, Hope filed a subsequent PCR application and was granted a belated appeal pursuant to *Austin v. State,* 305 S.C. 453, 409 S.E.2d 395 (1991), because his original PCR counsel failed to perfect an appeal from the first denial of PCR in 1989.

judge denied relief regarding Hope's conviction for assault with intent to commit first degree CSC, and granted relief regarding his conviction for first degree burglary. This Court granted certiorari.

## ISSUES

I. Did the trial court have subject matter jurisdiction over the charge for which Hope was convicted?

II. Was counsel ineffective in failing to request a jury charge on S.C.Code Ann. § 16–13–170?

## DISCUSSION

### I. Subject Matter Jurisdiction

██ At trial, the judge allowed the State to amend Hope's assault indictment from assault with intent to commit **third degree** CSC to assault with intent to commit **first degree** CSC. Hope argues this was error. We agree.

██ Under S.C.Code Ann. § 17–19–100 (1976), an indictment may be amended because of a variance in evidence produced at trial only if such amendment does not change the nature of the offense charged. Clearly, the amendment here changed the nature of the offense, as we have previously held. *State v. Riddle*, 301 S.C. 211, 391 S.E.2d 253 (1990) (amendment of indictment from assault with intent to commit third degree CSC to assault with intent to commit first degree CSC deprived court of subject matter jurisdiction).[2] Thus, the PCR judge erred in refusing to grant Hope's application for post-conviction relief on this ground.[3] Hope is therefore

During this appeal, it was discovered there was no record of Hope's first evidentiary hearing. We then ordered Hope receive a new evidentiary hearing based on his first PCR application. Such a hearing was conducted on December 5, 1995. It is the order resulting from this last evidentiary hearing which is currently on appeal.

**2.** The State has conceded the amendment was improper and deprived the court of subject matter jurisdiction over Defendant's conviction for assault with intent to commit **first degree** CSC.

**3.** The PCR judge found this issue was not properly before him because it could have been raised on direct appeal. This was clearly an improper basis on which to deny relief since matters of subject matter

entitled to a new trial on this charge.[4]

## II. Lesser Included Offense

The PCR judge found trial counsel ineffective in failing to request a jury charge on "entering without breaking," holding it is a lesser included offense of first degree burglary. The State argues this was error. We agree.

"The test for determining when a crime is a lesser included offense of the crime charged is whether the greater of the two offenses includes all the elements of the lesser offense. If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." *State v. Bland,* 318 S.C. 315, 317, 457 S.E.2d 611, 612 (1995) (internal citations omitted). First degree burglary is defined, in pertinent part, as entering "a dwelling without consent and with intent to commit a crime in the dwelling." S.C.Code Ann. § 16–11–311 (Supp.1996). "Entering without breaking" is defined, in pertinent part, as entering, without breaking, or attempting to enter any house or vessel, with intent to steal or commit any other crime. S.C.Code Ann. § 16–13–170 (1976).[5]

The difference in elements between these two offenses is that under the former, it must be shown the entering was accomplished **without consent,** whereas under the latter, it

jurisdiction may be raised at any time. *Browning v. State,* 320 S.C. 366, 465 S.E.2d 358 (1995); *Slack v. State,* 311 S.C. 415, 429 S.E.2d 801 (1993).

4. We summarily reject the State's argument that all Hope is entitled to is a sentencing hearing for assault to commit **third degree** CSC. This charge was not even submitted to the jury at Hope's trial. Furthermore, we disagree with the State's contention that a finding of guilt of assault to commit **first degree** CSC necessarily indicates a finding of all elements included in assault to commit **third degree** CSC. *See* S.C.Code Ann. § 16–3–652 (1976) (**first degree** CSC requires proof of *either* aggravated force *or* that victim was also victim of other offense, including burglary); S.C.Code Ann. § 16–3–654 (1976) (**third degree** CSC requires proof of *either* force or coercion *or* knowledge that victim is mentally handicapped or physically helpless). To attempt to second-guess a jury's verdict under the circumstances of this case would be fundamentally unfair.

5. This section was amended in 1994 (after the crime was committed in this case) to make its violation a felony as opposed to a misdemeanor.

must be shown the entering was accomplished **without breaking**. We find this difference dispositive. In *State v. Kirby*, 325 S.C. 390, 481 S.E.2d 150 (Ct.App.1996), the issue was whether unlawful carrying of a pistol is a lesser included offense of possession of a firearm during the commission of a violent crime. The Court of Appeals, relying on precedent from this Court,[6] held it was not. It reasoned that one could be convicted of the greater offense regardless of whether possession of the weapon was lawful or unlawful, whereas the lesser offense required the possession to be unlawful. In other words, the greater offense did "not *necessarily* include all of the elements of [the lesser]." 325 S.C. at 399, 481 S.E.2d at 154. The same reasoning applies in this case: one can be convicted of first degree burglary whether or not a breaking occurred (the focal inquiry being whether entry was made without consent), but to be convicted of the lesser it must be shown the entering was accomplished without a breaking.[7] Because first degree burglary does not necessarily include all elements of "entering without breaking," the latter cannot be a lesser included offense.

The PCR judge's finding counsel ineffective for failing to request a charge on "entering without breaking" is thus without any evidentiary support. *See Clark v. State*, 321 S.C. 377, 468 S.E.2d 653 (1996) (rulings of PCR judge will not be upheld where no evidence exists to support them). Hope was not charged with this offense, and we now hold it is not a lesser included offense of the crime for which he was charged. *See Kirby*, 325 S.C. at 397, 481 S.E.2d at 153 (indictment will sustain a conviction for a lesser offense only if the lesser offense is included within the greater charged offense).

## CONCLUSION

We reverse the PCR judge's denial of relief as to Hope's conviction for assault to commit first degree CSC. Hope is

---

**6.** In *State v. Lawrence*, 266 S.C. 423, 223 S.E.2d 856 (1976), this Court held convictions for both armed robbery and unlawful possession of a pistol did not violate the Double Jeopardy Clause because proof of armed robbery only required possession of a weapon, regardless of whether such possession was lawful or not.

**7.** A breaking is defined as "any act of physical force, however slight, whereby any obstruction to entering is forcibly removed." *State v. Clamp*, 225 S.C. 89, 99, 80 S.E.2d 918, 922 (1954).

entitled to a new trial on the charge of assault to commit CSC because of the trial court's lack of subject matter jurisdiction over the offense for which he was convicted. Additionally, we reverse the PCR judge's grant of relief as to Hope's conviction for first degree burglary. This case is therefore remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

FINNEY, C.J., and MOORE and BURNETT, JJ., concur.