539 S.E.2d 387

**The STATE, Petitioner,**

v.

**Eric McFADDEN, Respondent.**

**No. 25202.**

Supreme Court of South Carolina.

Heard Sept. 20, 2000.

Decided Oct. 23, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor David Price Schwacke, of N. Charleston, for petitioner.

Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for respondent.

MOORE, Justice:

We granted the State's petition to review the Court of Appeals' unpublished decision reversing respondent McFadden's conviction for third degree criminal sexual conduct (CSC). We affirm.

## FACTS

McFadden was indicted for first degree CSC. At trial, Victim, a forty-five-year-old woman, testified McFadden met

her on the street and enticed her to go with him to a nearby park by buying her a soft drink. He then dragged her into an abandoned house where he beat her, threatened her with a knife, and raped her vaginally and anally. Victim testified that after the rape, she asked McFadden for money which he refused to give.

After Victim's testimony, the State put up a psychiatric expert who testified that Victim was mentally retarded and suffered from schizophrenia and a seizure disorder. A SLED agent testified that semen matching McFadden's blood type was found in Victim's vagina and rectum.

By stipulation, McFadden admitted he had had vaginal intercourse with Victim although he denied the alleged anal intercourse. He testified that Victim offered him sex in exchange for money. After they had sex, Victim asked for money and McFadden told her he didn't have any.

At the close of testimony, the trial judge submitted first degree CSC to the jury and, over McFadden's objection, further charged second and third degree CSC as lesser included offenses. Third degree CSC under S.C.Code Ann. § 16–3–654 (1985) is defined as follows:

(1) A person is guilty of criminal sexual conduct in the third degree if the actor engages in sexual battery with the victim and **if any one or more of the following circumstances** are proven:

(a) The actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances.

(b) **The actor knows or has reason to know that the victim is mentally defective,**[1] **mentally incapacitated, or physically helpless and aggravated force**[2] **or aggra-**

1. "Mentally defective" is defined as "a person suffers from a mental disease or defect which renders the person temporarily or permanently incapable of appraising the nature of his or her conduct." S.C.Code Ann. § 16–3–651(e) (1985).

2. "Aggravated force" means the actor uses physical force or violence of a high and aggravated nature, including the threat to use a deadly weapon. § 16–3–651(c).

**vated coercion**[3] **was not used to accomplish sexual battery.**

(emphasis added).

McFadden was found guilty of third degree CSC under part (1)(b) of § 16–3–654. He appealed on the ground this offense is not a lesser included of first degree CSC, the crime for which he was indicted. The Court of Appeals agreed and reversed.

## ISSUE

Is third degree CSC under part (1)(b) of § 16–3–654 a lesser included offense of first degree CSC?

## DISCUSSION

The trial court lacks subject matter jurisdiction to convict the defendant of a crime that is not a lesser included of the offense charged in the indictment. *State v. Munn,* 292 S.C. 497, 357 S.E.2d 461 (1987). The test for determining if a crime is a lesser included offense is whether the greater of the two offenses includes all the elements of the lesser offense. *Knox v. State,* 340 S.C. 81, 530 S.E.2d 887 (2000); *Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998); *Hope v. State,* 328 S.C. 78, 492 S.E.2d 76 (1997); *Browning v. State,* 320 S.C. 366, 465 S.E.2d 358 (1995); *State v. Bland,* 318 S.C. 315, 457 S.E.2d 611 (1995).

Under S.C.Code Ann. § 16–3–652(1)(1985), first degree CSC requires a (1) a sexual battery and (2) aggravated force or forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or "any other similar offense or act." Pertinent to the facts of this case, under § 16–3–654(1)(b), third degree CSC requires (1) a sexual battery in the absence of aggravated force or coercion; (2) the victim is mentally defective; and (3) the actor knows or has reason to know the victim is mentally defective. These last two elements of § 16–3–654(1)(b) are not elements included in CSC first. We therefore conclude third degree CSC under § 16–3–654(1)(b) is not a lesser included offense of first degree CSC.

---

3. "Aggravated coercion" includes a threat to use force or violence of a high and aggravated nature. § 16–3–651(b).

In support of its position, the State cites *State v. Summers,* 276 S.C. 11, 14–15, 274 S.E.2d 427, 429 (1981), which states:

> We conclude that the offense of criminal sexual conduct in the second and third degrees are lesser included offenses to a charge of criminal sexual conduct in the first degree and, if the facts warrant, the lesser degrees of the offense may be submitted to the jury under a charge of the first degree.

*See also State v. Burgess,* 278 S.C. 497, 299 S.E.2d 328 (1983) (citing *Summers* for this proposition).

This conclusion in *Summers,* however, is dictum in regard to CSC third since the issue in that case was only whether CSC *second* was a lesser included of CSC first. Further, in discussing CSC third under § 16–3–654, the *Summers* opinion does not address the mental defect element specified in part (1)(b) and discusses only the absence of aggravating circumstances specified in part (1)(a) which is an *alternative* definition of CSC third. In any event, to clarify the issue, we overrule *Summers* and *Burgess* to the extent they may be read to hold third degree CSC under § 16–3–654(1)(b) is a lesser included offense of CSC first.[4]

Because the trial court lacked subject matter jurisdiction to convict McFadden of third degree CSC, his conviction is vacated. The decision of the Court of Appeals is

**AFFIRMED.**[5]

TOAL, C.J., WALLER, BURNETT, and PLEICONES, JJ., concur.

---

4. We note the legislature has not specified that CSC third is a lesser included offense of CSC first. Other statutory schemes expressly provide for lesser included offenses. *See* S.C.Code Ann. § 44–53–370(e)(6)(d) (Supp.1999) (possession with intent to distribute specified controlled substances is lesser included offense to offense of trafficking based upon possession).

5. Double jeopardy limits any retrial in this case to CSC third since McFadden was acquitted of the greater offenses of CSC first and second by the jury's verdict. *State v. Cooley,* 342 S.C. 63, 536 S.E.2d 666 (2000).