571 S.E.2d 288

The STATE, Petitioner,

v.

Sally Caulder PARKER and Timothy Kirby, Respondents.

No. 25538.

Supreme Court of South Carolina.

Heard May 15, 2002.

Decided Oct. 14, 2002.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, all of Columbia; and Solicitor Jay E. Hodge, Jr., of Darlington, for petitioner.

Katherine Carruth Link, of Columbia; and the South Carolina Office of Appellate Defense, of Columbia, for respondents.

Justice MOORE:

We granted certiorari to review the Court of Appeals' decision that grand larceny is not a lesser-included offense of armed robbery. We affirm in result.

## FACTS

Respondents were indicted for armed robbery for perpetrating a sham armed robbery of a convenience store where respondent Sally Parker worked. At the close of the State's case at trial, respondents moved for a directed verdict on the armed robbery charge. The trial court granted the motion on the armed robbery charge, but stated he would charge the jury on the lesser-included offense of grand larceny. No

objection was made. The jury found respondents guilty of grand larceny.[1]

The Court of Appeals, in a two to one decision, vacated respondents' convictions, finding grand larceny was not a lesser-included offense of armed robbery. The majority found the 1993 amendments to S.C.Code Ann. § 16–13–30 (Supp. 2001) converted grand larceny from a common law offense to a statutory offense.[2] The majority further held the amendment made the requirement that the goods taken be valued in excess of one thousand dollars an element of grand larceny. *State v. Parker*, 344 S.C. 250, 543 S.E.2d 255 (Ct.App.2001).

The dissent felt the Court of Appeals should not be passing upon this issue because this Court had already held that grand larceny is a lesser-included offense of armed robbery, a ruling which the dissent felt was binding on the Court of Appeals. He further stated that § 16–13–30 was primarily a sentencing statute, and the statute did not abrogate the common law crime of grand larceny. The dissent concluded because the larceny statute did not replace the state's continued use of the common law, this Court's precedent bound the Court of Appeals until that precedent was overruled. However, the dissent noted if the Court of Appeals was free to pass upon this issue, he was inclined to agree with the majority that grand larceny is not a lesser-included offense of armed robbery. *State v. Parker, supra.*

## ISSUE

Is grand larceny a lesser-included offense of armed robbery?

---

**1.** Respondent Timothy Kirby was also convicted of contributing to the delinquency of a minor. That conviction was not challenged on appeal.

**2.** S.C.Code Ann. § 16–13–30(B) (Supp.2001), as amended, provides:

Larceny of goods, chattels, instruments, or other personalty valued in excess of one thousand dollars is grand larceny. Upon conviction, the person is guilty of a felony and must be fined in the discretion of the court or imprisoned not more than:

(1) five years if the value of the personalty is more than one thousand dollars but less than five thousand dollars;

(2) ten years if the value of the personalty is five thousand dollars or more.

## DISCUSSION

 The circuit court does not have subject matter jurisdiction to convict a defendant of an offense unless there is an indictment which sufficiently states the offense, the defendant waives presentment, or the offense is a lesser-included offense of the crime charged in the indictment. *State v. Owens,* 346 S.C. 637, 552 S.E.2d 745 (2001). The test for determining when an offense is a lesser-included offense of another is whether the greater of the two offenses includes all the elements of the lesser offense. *State v. McFadden,* 342 S.C. 629, 539 S.E.2d 387 (2000). If the lesser offense includes an element which is not included in the greater offense, then the lesser offense is not included in the greater offense. *Hope v. State,* 328 S.C. 78, 492 S.E.2d 76 (1997).

 Larceny involves the taking and carrying away of the goods of another, which must be accomplished against the will or without the consent of the other. *State v. Brown,* 274 S.C. 48, 260 S.E.2d 719 (1979). Specifically, grand larceny is the felonious taking and carrying away of the goods of another, where the value exceeds $1,000. *See State v. Moultrie,* 283 S.C. 352, 322 S.E.2d 663 (1984) (grand larceny is felonious taking and carrying away of goods of another where value exceeds $200).[3] Robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear. *State v. Drayton,* 293 S.C. 417, 361 S.E.2d 329 (1987), *cert. denied,* 484 U.S. 1079, 108 S.Ct. 1060, 98 L.Ed.2d 1021 (1988); *State v. Scipio,* 283 S.C. 124, 322 S.E.2d 15 (1984) (robbery is felonious taking and carrying away of goods of another, accomplished against will or without consent of other with force); *State v. Brown, supra* (same). Armed robbery occurs when a person commits robbery while armed with a deadly weapon. *Id.*

Larceny has been found to be a lesser-included offense of robbery by this Court on several occasions. *See State v. Austin,* 299 S.C. 456, 385 S.E.2d 830 (1989) (petit larceny is

---

**3.** Previously, the value of goods for grand larceny was $200 or more. *See* S.C.Code Ann. § 16–13–30 (1985). Now, the statute sets the value of goods for petit larceny at $1,000 or less and for grand larceny at more than $1,000. S.C.Code Ann. § 16–13–30 (Supp.2001).

lesser-included of strong armed robbery); *State v. Harkness,* 288 S.C. 136, 341 S.E.2d 631 (1986) (petit larceny is lesser of robbery); *State v. Lawson,* 279 S.C. 266, 305 S.E.2d 249 (1983) (grand larceny is lesser-included of robbery); *State v. Brown, supra* (larceny, without indicating whether petit or grand, is lesser of robbery); *Young v. State,* 259 S.C. 383, 192 S.E.2d 212 (1972) (grand larceny is lesser-included of robbery). *See also State v. Ziegler,* 274 S.C. 6, 260 S.E.2d 182 (1979) (in dicta, we stated one may be guilty of armed robbery which involves grand larceny or petit larceny).[4]

The cases of *State v. Lawson, Young v. State,* and *State v. Ziegler* are overruled to the extent they found grand larceny to be a lesser-included offense of robbery. The monetary value of the goods taken is an element of the offense of grand larceny. *See Johnson v. State,* 319 S.C. 62, 459 S.E.2d 840 (1995) (grand larceny involved taking and carrying away of goods valued at $200 or more; value is element of grand larceny offense); *State v. Ates,* 297 S.C. 316, 318, 377 S.E.2d 98, 99, n. 1 (1989) (in grand larceny prosecution, value is critical element; it is State's burden to prove value of stolen goods exceeds $200); *State v. Moultrie, supra* (defining grand larceny as felonious taking and carrying away of goods of another, where value exceeds $200); *State v. Humphery,* 276 S.C. 42, 274 S.E.2d 918 (1981) (trial court did not abuse discretion in allowing State to reopen case and prove value, an essential element of grand larceny); *State v. Smith,* 274 S.C. 622, 266 S.E.2d 422 (1980) (grand larceny is felony which includes all elements of lesser offense of petit larceny except that grand larceny involves theft of goods valued at fifty dollars or more; State must present credible evidence establishing each element of crime charged); *State v. Bethea,* 126 S.C. 497, 120 S.E. 239 (1923) (to convict of grand larceny there must be proof property was worth $20 or more).

---

4. Further, robbery has been found to be a lesser-included offense of armed robbery. *State v. Scipio, supra* (citing *State v. Jones,* 273 S.C. 723, 259 S.E.2d 120 (1979)). However, we have not directly answered the question of whether grand larceny is a lesser-included offense of armed robbery. *Cf. State v. Pressley,* 288 S.C. 128, 132, 341 S.E.2d 626, 628 (1986) (stated unnecessary to decide whether grand larceny is lesser-included offense of armed robbery given error would be harmless).

■ Accordingly, grand larceny cannot be a lesser-included offense of armed robbery because the offense of armed robbery does not include the element that the value of the goods taken must exceed $1,000. *See Hope v. State, supra* (if lesser offense includes element which is not included in greater offense, then lesser offense is not included in greater offense).

The indictments in this case charge armed robbery, but also appear to describe grand larceny.[5] However, the trial court lacked subject matter jurisdiction to sentence respondents on grand larceny because the indictments only specifically charged armed robbery, which does not include all the elements of grand larceny. *See State v. Summers,* 276 S.C. 11, 274 S.E.2d 427 (1981) (conviction may be had of an offense different from the one specifically charged only when such offense is essential element of that charged and only when greater offense charged includes all legal and factual elements of lesser offense), *overruled in part on other grounds by State v. McFadden,* 342 S.C. 629, 539 S.E.2d 387 (2000); *State v. Fennell,* 263 S.C. 216, 209 S.E.2d 433 (1974) (same). *See also State v. Owens, supra* (court does not have subject matter jurisdiction to convict defendant unless offense is lesser-included offense of crime charged in indictment).

Accordingly, because the trial court lacked subject matter jurisdiction to convict respondents of grand larceny, the Court of Appeals' decision is **AFFIRMED IN RESULT.**

TOAL, C.J., WALLER and PLEICONES, JJ., concur.
BURNETT, J., dissenting in a separate opinion.

JUSTICE BURNETT (dissenting):

I respectfully dissent. In my opinion, grand larceny is a lesser included offense of armed robbery and, therefore, the trial judge had subject matter jurisdiction to convict respondents of grand larceny.

---

5. Each indictment charged each respondent with "ARMED ROBBERY 16–11–330(A)" and stated that they

did in Marlboro County on or about November 02, 1997, along with a co-defendant while armed with a deadly weapon, feloniously take from the person or presence of the victim, Blvd Express, by means of force or intimidation goods or monies of said victim, such goods or monies being described as follows: $1192.00 and two pistols.

The circuit court has subject matter jurisdiction to convict a defendant of an offense if 1) there is an indictment which sufficiently states the offense, 2) the defendant waives presentment, or 3) the offense is a lesser included offense of the crime charged in the indictment. *State v. Primus,* 349 S.C. 576, 564 S.E.2d 103 (2002). The test for determining whether when an offense is a lesser included offense of another is whether the greater of the two offenses includes all the elements of the lesser offense. *Id.* If the lesser offense includes an element which is not included in the greater offense, then the lesser offense is not included in the greater offense. *Id.*

Robbery is the felonious taking and carrying away of the goods of another against the will or without consent of the other with force. *State v. Scipio,* 283 S.C. 124, 322 S.E.2d 15 (1984). Armed robbery occurs when a person commits robbery while armed with a deadly weapon. *Id.* Robbery is a lesser included offense of armed robbery. *Id.*

Larceny is the felonious taking and carrying away of the goods of another against the will or without the consent of the other. *State v. Brown,* 274 S.C. 48, 260 S.E.2d 719 (1979); *State v. Sweat,* 221 S.C. 270, 70 S.E.2d 234 (1952). *See* W. McAninch & W. Fairey, *The Criminal Law of South Carolina* 246 (1995) ("South Carolina continues to use the standard common law definition of larceny ...").

Relying on prior opinions which state value is an element of grand larceny,[1] the majority concludes grand larceny is not a lesser included offense of robbery because value is not an element of robbery. None of the cited cases, however, compared the elements of robbery with grand larceny.[2]

Instead, the Court has already determined that grand larceny is a lesser included offense of robbery. In *Young v. State,*

---

**1.** *See Johnson v. State,* 319 S.C. 62, 459 S.E.2d 840 (1995), *State v. Ates,* 297 S.C. 316, 377 S.E.2d 98 (1989), *State v. Moultrie,* 283 S.C. 352, 322 S.E.2d 663 (1984), *State v. Humphery,* 276 S.C. 42, 274 S.E.2d 918 (1981), *State v. Smith,* 274 S.C. 622, 266 S.E.2d 422 (1980), *State v. Bethea,* 126 S.C. 497, 120 S.E. 239 (1923).

**2.** Moreover, commentators recognize value is not an element of the crime of larceny. W. McAninch & W. Fairey, *The Criminal Law of South Carolina, supra.*

259 S.C. 383, 386, 192 S.E.2d 212, 214 (1972), the Court noted robbery is "basically larceny compounded or aggravated by force used in the taking of property from the person or in the presence of another" and that "larceny is included in the charge of robbery." Accordingly, "... a verdict finding [the defendant] guilty of robbery, of necessity, carrie[s] with it a finding that he was guilty of larceny." *Id.* In *State v. Lawson,* 279 S.C. 266, 305 S.E.2d 249 (1983), the Court specifically held grand larceny is a lesser included offense of robbery. *See State v. Brown, supra* (larceny is lesser included offense of robbery); *State v. Austin,* 299 S.C. 456, 385 S.E.2d 830 (1989) (petit larceny is lesser included offense of robbery).

It is my opinion the terms "grand" and "petit" are not elements of either grand or petit larceny, but rather distinguish the two sub-categories of the crime of larceny for sentencing purposes. While the determination of whether a particular larceny is "grand" or "petit" is a matter for the trier of fact, "grand" or "petit" larceny do not constitute unique substantive crimes but rather sub-categories of the crime of larceny. *See* W. McAninch and W. Fairey, *The Criminal Law of South Carolina, supra* ("The basic South Carolina larceny statute does very little to define the offense; the statute is primarily concerned with providing penalties for the different categories of the offense, depending on the value of the property taken.").

The majority's conclusion will permit the trial court to convict and punish a defendant for both robbery and larceny arising out of the same act without violating double jeopardy. This holding contravenes the precedent of *State v. Austin,* 299 S.C. 456, 385 S.E.2d 830 (1989), *State v. Harkness,* 288 S.C. 136, 341 S.E.2d 631 (1986), and *State v. Lawson, supra.* Moreover, it defies common sense because larceny is subsumed in the offense of robbery; larceny is robbery accomplished without force. *See State v. Brown, supra.*

Because it is my opinion grand larceny is a lesser included offense of armed robbery, I would reverse the Court of Appeals' decision and reinstate respondents' grand larceny convictions.