593 S.E.2d 522

The **STATE, Respondent,**

v.

**Darryl ARTHUR, Appellant.**

No. 3746.

Court of Appeals of South Carolina.

Submitted Jan. 12, 2004.

Decided Feb. 23, 2004.

Chief Attorney Daniel T. Stacey, of the Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General David A. Spencer; and Solicitor Warren Blair Giese, all of Columbia, for Respondent.

KITTREDGE, J.:

This appeal presents the question of whether the offense of tampering with a motor vehicle [1] (auto-tampering) is a lesser-included offense of breaking into a motor vehicle [2] (auto-breaking). We hold it is not and affirm Darryl Arthur's convictions and sentence.

## FACTS

Arthur broke into the vehicle of Michael Hendrix, a lieutenant with the City of Columbia Police Department, while the vehicle was in the parking lot of the Department's North Region Headquarters. Arthur gained entry by breaking into the driver's side rear window. A pair of night vision binoculars was discovered missing from the vehicle. In the rear of the vehicle was a fishing rod with a lure, known as "torpedo plug," attached. While in the vehicle, it appears Arthur caught his hand in the fishing lure because blood was found in the vehicle.

The crime was quickly discovered and a police radio dispatch was given, alerting officers of the incident. Officer Allen Barber, who was in the area of the police department parking lot, heard the radio broadcast and observed Arthur walking away from the parking lot. As Officer Barber circled the area, he observed Arthur in the area of nearby apartments. Arthur was observed leaning into a vehicle's passenger side window. When Officer Barber approached, the vehicle "pulled off." Arthur "put his hands up," revealing blood on his hands. Arthur then fled, and a foot pursuit ensued.

1. S.C.Code Ann. § 16–21–90 (Supp.2003)

2. S.C.Code Ann. § 16–13–160 (Supp.2003)

Arthur was eventually apprehended and, following a struggle, placed in custody. Arthur's DNA matched the blood found in the vehicle near the fishing lure. The night vision binoculars were not recovered.

Arthur was convicted of breaking into a motor vehicle, for which he was sentenced to prison for five years, and resisting arrest, for which he received a consecutive sentence of one year imprisonment. Arthur was found not guilty of larceny.

Regarding the charge of auto-breaking, Arthur requested the trial court charge the jury on the offense of auto-tampering. Arthur asserted the State had not proven the item stolen from the vehicle was connected to Arthur. The trial court denied Arthur's request. Arthur appeals.

## LAW/ANALYSIS

■ Arthur argues the trial court erred in failing to give a jury charge on the purported lesser-included offense of auto-tampering. We disagree.

■ "The test for determining if a crime is a lesser included offense is whether the greater .of the two offenses includes all the elements of the lesser offense." *State v. McFadden*, 342 S.C. 629, 632, 539 S.E.2d 387, 389 (2000) (citing *Knox v. State*, 340 S.C. 81, 530 S.E.2d 887 (2000); *Carter v. State*, 329 S.C. 355, 495 S.E.2d 773 (1998); *Hope v. State*, 328 S.C. 78, 492 S.E.2d 76 (1997); *Browning v. State*, 320 S.C. 366, 465 S.E.2d 358 (1995); *State v. Bland*, 318 S.C. 315, 457 S.E.2d 611 (1995)). We find the offense of auto-breaking does not contain all the elements of auto-tampering. Accordingly, we conclude auto-tampering is not a lesser-included offense of auto-breaking.

Section 16–13–160 concerns the felony offense of auto-breaking:

(A) It is unlawful for a person to:

(1) break or *attempt* to break into a motor vehicle or its compartment *with the intent to steal it or anything of value from it*, or attached or annexed to it, or used in connection with it or in the perpetration of any criminal offense

. . .

S.C.Code Ann. § 16–13–160 (2003) (emphasis added).

Section 16–21–90, in contrast, concerns the separate offense of autotampering:

A person who, with intent and without right to do so, damages a vehicle or damages or removes any of its parts or components is guilty of a misdemeanor.

A person who, without right to do so and with intent to commit a crime, tampers with a vehicle or goes in or on it or works or attempts to work any of its parts or components or sets or attempts to set it in motion is guilty of a misdemeanor.

S.C.Code Ann. § 16–21–90 (2003).

To satisfy the first paragraph of the auto-tampering statute, one must either intentionally damage a vehicle or intentionally damage or remove vehicle parts. The auto-breaking statute, however, contains neither damage nor removal elements. The essence of the auto-breaking offense is the breaking into, or the attempt to break into, a vehicle with the intent to steal it or anything of value from it. As such, the conduct described in the first paragraph of the auto-tampering statute cannot be considered a lesser-included offense of auto-breaking.

The second paragraph of the auto-tampering statute lists four additional means by which an individual can violate the statute: (1) tampering with the vehicle; (2) going in or on the vehicle; (3) working or attempting to work any of the vehicle's parts or components; and (4) setting or attempting to set the vehicle in motion. Similar to our findings regarding the first paragraph of section 16–21–90, we find the offense of auto-breaking does not include any of these four types of conduct. While it logically follows that auto-tampering includes the intentional tampering with a vehicle, auto-breaking does not include mere tampering. Moreover, auto-breaking embraces an attempt, while the auto-tampering statute reaches only completed acts. Next, auto-tampering could include an element of "going in or on" the vehicle. Such element does not exist in auto-breaking, as one need not actually touch the vehicle to be convicted of that crime. Similarly, the "working" or attempting to work any of the vehicle's components is not contained in auto breaking, and one need not work compo-

nents in order to break into a vehicle. Auto-breaking could involve a vehicle's component parts, but only in the context of stealing, or attempting to steal, "anything ... attached or annexed to" the vehicle. S.C.Code Ann. § 16–13–160. Finally, auto-tampering also could include the act of setting or attempting to set the vehicle in motion. Such conduct clearly does not fall under the "break or attempt to break into" language of the auto-breaking statute. Therefore, the four modes of conduct described in the second paragraph of section 16–21–90 cannot be properly considered as lesser-included offenses of section 16–13–160.

## CONCLUSION

Auto-tampering is not a lesser-included offense of auto-breaking. The trial court properly refused to charge the auto-tampering statute. Arthur's convictions and sentences are

AFFIRMED.

HEARN, C.J. and HOWARD, J., concur.