**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joseph Cobb, Appellant.

Appellate Case No. 2011-188247

---

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-122
Heard March 5, 2013 – Filed March 27, 2013

---

**AFFIRMED**

---

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

---

**PER CURIAM:** Joseph Cobb appeals his conviction for second-degree criminal sexual conduct with a minor, arguing the trial court erred in refusing to instruct the jury on the lesser-included offense of assault and battery of a high and aggravated nature (ABHAN). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

*Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472-73 (2004) (recognizing generally, "the trial court is required to charge only the current and correct law of South Carolina"); *State v. Brown*, 362 S.C. 258, 261-62, 607 S.E.2d 93, 95 (Ct. App. 2004) (noting the evidence presented at trial determines the law to be charged to the jury and, to warrant reversal, a trial court's refusal to give a requested jury instruction must be both erroneous and prejudicial to the defendant); *State v. Drafts*, 288 S.C. 30, 32, 340 S.E.2d 784, 785 (1986) ("A trial [court] is required to charge a jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser offense *rather than* the greater." (emphasis added)); *State v. Bland*, 318 S.C. 315, 317, 457 S.E.2d 611, 612 (1995) ("The test for determining when a crime is a lesser included offense of the crime charged is whether the greater of the two offenses includes all the elements of the lesser offense. If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." (internal citation omitted)); S.C. Code Ann. § 16-3-655(B)(2) (Supp. 2012) (stating second-degree criminal sexual conduct with a minor occurs when the accused "engages in sexual battery with a victim who is at least fourteen years" old but less than sixteen years old and the accused "is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim"); S.C. Code Ann. § 16-3-651(h) (2003) (defining "sexual battery" to include "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes"); *State v. Green*, 327 S.C. 581, 585, 491 S.E.2d 263, 264-65 (Ct. App. 1997) (defining ABHAN[1] as "the unlawful act of violent injury to another accompanied by circumstances of aggravation," such as a "great disparity in the ages or physical conditions of the parties, a difference in sexes, the purposeful infliction of shame and disgrace, [or] taking indecent liberties

---

[1] ABHAN was codified in South Carolina Code subsection 16-3-600(B)(1) (Supp. 2012) by the Omnibus Crime Reduction and Sentencing Reform Act of 2010, which became effective after the date of the offense in this case. *See* Act No. 273, 2010 S.C. Acts 1947-48, 2038.

or familiarities with a female," and observing "many of the circumstances of aggravation for purposes of ABHAN ha[d] nothing to do with the degree of force associated with the attack" (citations omitted)).

**AFFIRMED.**

**FEW, C.J., LOCKEMY, J., and CURETON, A.J., concur.**