**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Matthew Jamie Bryant, Appellant.

Appellate Case No. 2018-000825

—————

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge

—————

Unpublished Opinion No. 2021-UP-396
Submitted October 1, 2021 – Filed November 10, 2021
Withdrawn, Substituted and Refiled March 2, 2022

—————

**AFFIRMED**

—————

Daniel E. Hunt, of Law Offices of Daniel E. Hunt, P.A., of Easley; and J. Falkner Wilkes, of Greenville, both for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

—————

**PER CURIAM:** Matthew Jamie Bryant appeals his conviction for criminal sexual conduct (CSC) in the second-degree and sentence of fifteen years' imprisonment. On appeal, Bryant asserted seven issues in his statement of issues but consolidated the issues in his argument section as follows: (1) the trial court erred in denying his motion for a directed verdict and (2) the trial court erred in charging the jury on second-degree CSC.[1]  We affirm.

At trial, Victim testified Bryant entered her residence, grabbed her by the arm, pulled her into a bedroom, and threw her onto the bed.[2]  She described Bryant's initial attempt to shove his penis into her mouth and her efforts to clench her jaw to deny him entry.  She stated she repeatedly rejected Bryant's advances, but he was unrelenting.  According to Victim, when she attempted to escape, Bryant held her down on the bed by placing his hand on her shoulder.  Victim explained, "When I realized 'no' wasn't going to stop him, I stopped talking just so I could get it over with . . . ."  Throughout her testimony, Victim asserted that Bryant "raped" her. The officers who responded to Victim's 911 call testified Victim was crying and shaking when they arrived at the residence.  A sexual assault forensics coordinator testified she found an abrasion and bruising in Victim's vaginal area consistent with sexual assault.  Finally, a forensic scientist analyzed the DNA collected from Victim's sexual assault exam and found it matched Bryant's DNA.

Following the State's case, Bryant moved for a directed verdict, arguing the State failed to present evidence he used aggravated force, an element of first-degree CSC, to sexually assault Victim.  The trial court denied Bryant's motion and stated

[1] Bryant lists the following seven issues on appeal: (1) Did the court err in denying the defense's motion for directed verdict?; (2) Did the court err in charging the jury with second-degree CSC over the objection of the defense?; (3) Where the defendant was charged with one ground for conviction under the statute may the court deny a motion for directed verdict based on evidence of an additional statutory ground that was not included in the indictment?; (4) Is second-degree CSC a lesser included offense of first-degree CSC as a matter of law or does it depend on the particular facts of each case?; (5) Can a conviction on a lesser included offense not charged in the indictment stand where the case should have ended with a directed verdict?; (6) Is there sufficient evidence in the record to support the conviction in this case?; and (7) Does error below require reversal of the Appellant's conviction?
[2] Bryant testified that on the date in question he was thirty-four, six feet and three inches tall, and weighed one hundred and ninety pounds.  Victim was seventeen and described as "five [feet] tall and one hundred pounds soaking wet."

that "at least some evidence presented, however small" suggested "that there [was] forcible confinement," an element of second-degree CSC.  After presenting his defense, Bryant renewed his motion for directed verdict, which the trial court again denied.  He also objected to a jury charge on second- and third- degree CSC as lesser included offenses of first-degree CSC, which the trial court overruled.  The jury found Bryant guilty of second-degree CSC.  We affirm

1.  As to Bryant's first argument—which involves issues one, three, five, and seven—the trial court did not err by denying Bryant's motion for a directed verdict. We find Victim's testimony, the responding officer's testimony, and the sexual assault forensics coordinator's testimony, viewed in the light most favorable to the State, established evidence of first- and second-degree CSC.[3]  *See State v. Hernandez*, 382 S.C. 620, 624, 677 S.E.2d 603, 605 (2009) ("A defendant is entitled to a directed verdict when the state fails to produce evidence of the offense charged."); *State v. Frazier*, 386 S.C. 526, 531, 689 S.E.2d 610, 613 (2010) ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); S.C. Code Ann. § 16-3-652(1) (2015) ("A person is guilty of criminal sexual conduct in the first[-]degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven: (a) The actor uses aggravated force to accomplish sexual battery [; or] (b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, trafficking in persons, robbery, extortion, burglary, housebreaking, or any other similar offense or act."); S.C. Code Ann. § 16-3-651(c) (2015) ("'Aggravated force' means that the actor uses physical force or physical violence of a high and aggravated nature to overcome the victim or

_____

[3] Moreover, Bryant was sufficiently apprised of the charges he was to defend against because second-degree CSC is a lesser included offense of first-degree CSC.  *State v. Burton*, 356 S.C. 259, 264, 589 S.E.2d 6, 8 (2003) ("In a criminal case, the trial court's subject matter jurisdiction is limited to those crimes charged in the indictment and all lesser included offenses."); *State v. Summers*, 276 S.C. 11, 14-15, 274 S.E.2d 427, 429 (1981) (stating that second-degree CSC is a lesser included offense of first-degree CSC and, if the facts warrant, second-degree may be submitted to the jury under a charge of first-degree, *overruled on other grounds by State v. McFadden*, 342 S.C. 629, 539 S.E.2d 387 (2000)); *State v. Brown*, 360 S.C. 581, 589, 602 S.E.2d 392 397 (2004) ("[T]he *threat* of the use of force or violence of a high and aggravated nature, either during the assault or in the future, may constitute aggravated coercion and is sufficient to sustain a conviction of second-degree CSC . . . .").

includes the threat of the use of a deadly weapon."); *Brown*, 360 S.C. at 588, 602 S.E.2d at 396 ("To convict a defendant of first-degree CSC, the State must present evidence the defendant committed a sexual battery and *actually used* aggravated force at the time of the assault . . . ."); *id.* ("The evidence must show the actual use of aggravated force occurred near in time and place to the assault, such that the effect of the aggravated force caused the victim to submit to the assault."); *State v. Lindsey*, 355 S.C. 15, 20-22, 583 S.E.2d 740, 742-43 (2003) (finding the trial court did not err in denying the defendant's motion for a directed verdict because the State presented evidence the defendant confined the victim in his automobile, grabbed her hands, and held her down with his body and hands, and the victim testified she fought her attacker); *cf. State v. Green*, 327 S.C. 581, 588, 491 S.E.2d 263, 266 (Ct. App. 1997) (finding the evidence was not sufficient to submit the issue of first-degree CSC to the jury when the victim "did not testify that [the defendant] held her down or otherwise used any force"); S.C. Code Ann. § 16-3-653(1) (2015) ("A person is guilty of criminal sexual conduct in the second[-]degree if the actor uses aggravated coercion to accomplish the sexual battery."); S.C. Code Ann. § 16-3-651(b) ("'Aggravated coercion' means that the actor threatens to use force or violence of a high and aggravated nature to overcome the victim or another person, if the victim reasonably believes that the actor has the present ability to carry out the threat, or threatens to retaliate in the future by the infliction of physical harm, kidnapping or extortion, under circumstances of aggravation, against the victim or any other person."). Accordingly, the trial court did not err in denying Bryant's motion for directed verdict because the evidence presented at trial—Bryant's size compared to Victim's, that he forced her into a bedroom, that he ignored her pleas to stop, and that he would not allow her to get off of the bed—established Bryant used aggravated force and aggravated coercion to accomplish the sexual battery.

2. As to Bryant's second argument—which involves issues two, four, and seven—the trial court did not err by charging the jury on second-degree CSC because second-degree CSC is a lesser included offense of first-degree CSC. Further, the evidence presented at trial—Victim, the responding officer, and the sexual assault forensics coordinator's testimonies—supported a charge on second-degree CSC. *See State v. Gilmore*, 396 S.C. 72, 76, 719 S.E.2d 688, 690 (Ct. App. 2011) ("If there is evidence in the record from which the jury could infer the defendant is guilty of the lesser-included offense, rather than the crime charged, the trial judge must instruct the jury on the lesser-included offense."); *Summers*, 276 S.C. at 14-15, 274 S.E.2d at 429 (stating that second-degree CSC is a lesser included offense of first-degree CSC and, if the facts warrant, second-degree may be submitted to the jury under a charge of first-degree, *overruled on other grounds by*

*State v. McFadden*, 342 S.C. 629, 539 S.E.2d 387 (2000)); *Brown*, 360 S.C. at 589, 602 S.E.2d at 397 ("[T]he *threat* of the use of force or violence of a high and aggravated nature, either during the assault or in the future, may constitute aggravated coercion and is sufficient to sustain a conviction of second-degree CSC . . . .").[4]

3.  We find Bryant abandoned issue six because he did not argue this issue in his appellate brief.  *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 284 (Ct. App. 1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.").

**AFFIRMED.**[5]

**THOMAS and GEATHERS, JJ., and HUFF, A.J., concur.**

---

[4] To the extent Bryant relies on *McFadden* to argue second-degree CSC is no longer a lesser included offense of first-degree CSC, we disagree.  *McFadden* addressed a specific section of third-degree CSC and its relation to first-degree CSC.  342 S.C. at 632, 539 S.E.2d at 389.  *McFadden* did not address whether second-degree CSC was a lesser included offense of first-degree CSC, leaving intact *Summers's* designation of second-degree CSC as a lesser included offense of first-degree CSC.  *See id.* at 632-33, 539 S.E.2d at 389.
[5] We decide this case without oral argument pursuant to Rule 215, SCACR.