20842

The STATE, Respondent, v. Oren KENNEDY, Appellant.
(250 S. E. (2d) 338)

*Thomas A. McKinney* and *Hugh L. Harrelson,* Rock Hill, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Robert N. Wells, Jr.,* Columbia, and *Sol. William L. Ferguson,* Rock Hill, *for respondent.*

December 28, 1978.

*Per Curiam:*

The appellant, Oren Kennedy, was tried under an indictment for armed robbery, burglary, and murder at the January 1978 Term of General Sessions for York County. He was found guilty as charged and was sentenced to two life terms plus twenty-five years, from which convictions and sentences he appeals. We reverse and remand for a new trial.

The testimony reflects that the appellant and others broke into the dwelling house of one Johnny White, through the locked front door, while a card game was in progress; that the intruders took from the persons in the room at gunpoint approximately $500.00; and, that during the course of the robbery Johnny White was killed by a shotgun blast to the head. Victims of the robbery identified at trial the appellant as being one of the robbers, and he was further identified as the robber who was armed with the shotgun.

The appellant offered alibi as a defense and contends on appeal that there was insufficient evidence to support his convictions and that he was entitled to a directed verdict. It is sufficient to state that we have reviewed the testimony and it is more than adequate to require the submission of

this case to the jury. Since there will be a new trial, for reasons hereinafter discussed, we refrain from commenting on the evidence in any detail.

We next address the issue raised by Question 5 of appellant's brief, which asserts an alleged improper and prejudicial comment by the trial judge. This exception is patently meritorious and mandates a new trial for the appellant.

The defense subpoenaed as witnesses three prisoners who had previously been convicted of the crimes for which the defendant was being tried and were serving terms in the Central Correctional Institution. After completion of their testimony, defense counsel suggested to the trial judge that these witnesses be removed from the courtroom. This suggestion was made by defense counsel after the defendant had been placed on the stand to testify but before questioning had commenced. The jury was present in the courtroom. The court responded to defense counsel as follows:

*The Court:* I think they ought to stay in here. I want them to hear this fellow's lies—I mean I want them to hear this fellow testify . . .

*Mr. McKinney:* Your Honor, I would like . . .

*The Court:* Pardon me, Mr. Foreman, ladies and gentlemen of the jury, please disregard every remark that I made . . .

Defense counsel timely moved for a mistrial which was denied. In ruling upon the motion for a mistrial, the trial judge characterized his remark as "unfortunate and improper", but was of the opinion that the error could be remedied by an appropriate instruction to the jury, which course was followed.

It is difficult, if not impossible, for one to conceive of a circumstance more devastating to a fair trial than to have the presiding judge characterize, in the presence of the jury, the forthcoming testimony of the defendant as "lies". The

following quotation from *State v. Robinson,* 262 S. C. 193, 197, 203 S. E. (2d) 433 (1974), is an understatement of the error involved in the case at bar:

In our view the remarks of the trial judge were entirely uncalled for and patently so erroneous and prejudicial as to require little discussion or citation of authority.

■ It is elementary that in the course of the trial of a criminal case, the trial judge must refrain from all comment which tends to indicate his opinion as to the weight or sufficiency of evidence, the credibility of witnesses, the guilt of the accused, or as to the controverted facts. *State v. Pruitt,* 187 S. C. 58, 196 S. E. 371 (1938); South Carolina Constitution, Art. 5, Sec. 17. See the numerous cases cited in West's South Carolina Digest, Criminal Law, Key 656(8).

■ A fundamental concept of our system of justice is that every person charged with a crime has an absolute right to a fair and impartial trial. Basic to this concept is the requirement of neutrality on the part of the trial judge, and it is imperative that he exercise a high degree of restraint, caution, and circumspection in making remarks or comments in the presence of the jury. The trial judge's action in this case is totally incompatible with the right of the accused to a fair trial. His remark is so totally irreconcilable with the proper image of a neutral trial judge that we are compelled to condemn it in the strongest terms. While the State has argued that the remark was not prejudicial in view of the trial judge's curative instructions to the jury, such argument is patently naive and without merit. The appellant is entitled to a new trial.

While the appellant has raised other exceptions as to the conduct of the trial, such problems are not likely to be again presented at the retrial of the case and, for such reason, are not reached in this opinion.

For the reasons hereinabove set forth the judgment below is reversed and the case remanded for a new trial.

Reversed and remanded.