22522

The STATE, Respondent v. James Weldon SMITH, Appellant.

(342 S. E. (2d) 600)

Supreme Court

*Harry B. Burchstead, Jr.,* Sumter, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard March 11, 1986.

Decided April 7, 1986.

*Per Curiam:*

James Weldon Smith (Smith) was found guilty of Second Offense Driving Under the Influence at a jury trial. He was sentenced to one year in prison and fined $1,000, suspended upon service of 90 days and payment of a $500 fine.

We reverse and remand for a new trial.

## FACTS

Smith was stopped for weaving on Interstate 20 in Kershaw County. The arresting officer testified that Smith appeared to be under the influence of alcohol. He was taken to jail and given a "breathalyzer" test. The results were admitted into evidence at trial.

During the jury instruction, the trial judge stated:

> The legislature has also enacted a statute pertaining to a machine known as a breathalyzer machine. *If the State proves* that the machine was in proper working order at the time of the test, that the correct chemicals

were used, that the accused was not allowed to put anything in his mouth for 20 minutes prior to the test, and that the test was administered by a qualified person in the proper manner, then the results of the test can be admitted into evidence and [sic] the jury to consider. *You have heard such evidence.* [Emphasis supplied].

The trial judge denied Smith's request for a clarifying instruction that the charge was not a comment from the bench that the State had, in fact, proved its case; that these facts were for the jury to decide.

## ISSUES

Smith contends the trial judge committed error: (1) in his jury instruction regarding the statutory presumption of intoxication and (2) in commenting upon the evidence in his charge.

Under the view we take of the case, it is unnecessary to address the presumption issue.[1] Accordingly, the single issue for review is: Whether the trial judge's charge contained an impermissible comment upon the facts.

## DISCUSSION

Article V, § 21 of the South Carolina Constitution provides:

> Judges shall not charge juries in respect to matters of fact, but shall declare the law.

The trial judge must refrain from all comment which tends to indicate his opinion as to the weight or sufficiency of the evidence, the credibility of witnesses, the guilt of the accused or as to controverted facts. *State v. Kennedy,* 272 S. C. 231, 250 S. E. (2d) 338 (1978). *See also* other cases cited in 7A West's South Carolina Digest *Criminal Law,* Key No. 656(8).

---

[1] We direct bench and bar to *State v. Elmore,* 279 S. C. 417, 308 S. E. (2d) 781 (1983) for a discussion of mandatory rebuttable presumptions and permissive inferences and a suggested analogous charge on the inference of malice from the use of a deadly weapon.

Here, the comment could have been construed by a  reasonable juror that the trial judge felt the State had met its burden of proof. Accordingly, we hold that the trial judge erred in denying Smith's request for a clarifying instruction.

Reversed and remanded.