23033

The STATE, Respondent v. Charles Nolan ROOF, Appellant.
(380 S. E. (2d) 828)

Supreme Court

*Chief Atty. William I. Diggs, Deputy Chief Atty. Elizabeth C. Fullwood,* and *Asst. Appellant Defender D. Mark Stokes,* all of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Atty. Gwendolyn L. Fuller*, Columbia, and *Sol. William L. Ferguson*, York, *for respondent.*

Heard Feb. 8, 1989.

Decided June 5, 1989.

HARWELL, Justice:

Appellant Charles Nolan Roof and his co-defendant James Frank Copeland were indicted on two counts: (1) the murder of Douglas Wayne Hutto and (2) unlawful use of a sawed-off shotgun. Both pleaded not guilty and were tried simultaneously before the same judge and jury. Appellant was convicted on both counts, while Copeland was convicted only of being an accessory after the fact of murder. We now reverse appellant's convictions and remand for a new trial.

## FACTS

Appellant, Copeland and Hutto worked for the same company. Copeland lived with appellant in appellant's trailer. On Friday, January 17, 1987, the three men left work together in appellant's truck, bought liquor, and started driving around and drinking. The three drank at appellant's trailer, then began visiting bars and drinking excessively. After midnight, the men returned to appellant's trailer and went inside. A short time later, Hutto was killed by a shotgun blast to his chest. Law enforcement officers found Hutto's body on the side of a road the next day.

When questioned on Saturday, appellant and Copeland both gave statements to the effect that they had left Hutto at a shopping mall Friday night and had not seen him since then. On Monday, both appellant and Copeland gave nearly identical new statements. A homicide detective related the redacted substance of these new statements to the jury as follows:

> [Appellant] ... [s]aid 'me and Doug left and went back to the trailer. I went back in the bedroom. Then I heard a gunshot. It was after midnight. I went running into the hallway and Doug Hutto was on his knees and bleeding. It looked like it was coming out of his mouth. I was scared, so I picked Doug up, put him in the back of

the truck ... and I stopped in the road and pulled him off and put him on the side of the road.'

\* \* \* \* \* \*

[Copeland] ... said 'I came back to the trailer after midnight ... I came in from outside and went straight to the bathroom ... I came out of the bathroom going to fix me a drink. I tripped over something, looked down and I saw Doug lying in the hallway with blood all over him and breathing blood. I just took him off ... I pulled over. I guess I dumped him on the side of the road.'

Copeland testified to substantially the same facts as given in this statement. Appellant did not testify at trial.

After instructing the jury on the offense of murder charged in both indictments, the trial judge charged that the jury could find Copeland guilty of being an accessory after the fact of murder. The accessory instruction was not given as to appellant. Appellant's trial counsel objected to the accessory charge as to Copeland, claiming it amounted to a comment on the facts because it indicated that Copeland's statement was credible, while appellant's was not. The trial judge overruled this exception to the charge.

## DISCUSSION

Article V, § 21 of the South Carolina Constitution provides that "[j]udges shall not charge juries in respect to matters of fact, but shall declare the law." Comments by a trial judge on such factual matters as the weight or sufficiency of evidence, the credibility of witnesses, the guilt of the accused or as to controverted facts are impermissible. *State v. Smith*, 288 S. C. 329, 342 S. E. (2d) 600 (1986).

Under the instructions given here, the jury could not have found appellant guilty of being an accessory after the fact of murder. Under the instructions, the jury could, and did, find Copeland guilty as an accessory. The facts of the case, however, are that appellant and Copeland related substantially identical versions of the incident in their statements to the police. Consequently, by giving the accessory charge as to Copeland, the court improperly implied that the court itself gave greater weight to Copeland's credibility. Giving the jury the accessory option as to Copeland was tantamount to

a comment by the court on the dispositive factual issue here—witness credibility. In a case where credibility was crucial, the charge was unfairly prejudicial to appellant.

Accordingly, we reverse appellant's convictions and sentences and remand for a new trial. We need not reach the remaining exceptions.

Reversed and remanded.

FINNEY and TOAL, JJ., concur.

GREGORY, C. J., and LITTLEJOHN, Acting Associate J., dissenting in separate opinion.

GREGORY, Chief Justice, dissenting:

I disagree with the analysis of the majority and respectfully dissent.

Contrary to the majority's analysis, the record indicates appellant objected only to the trial judge's refusal to give a charge of accessory after the fact to murder on his behalf. Appellant did not request withdrawal of this charge as to his codefendant.

Appellant concedes that accessory after the fact is not a lesser included offense of murder. A defendant cannot be convicted of a crime for which he is not indicted if it is not a lesser included offense to that charged in the indictment. *State v. Munn*, 292 S. C. 497, 357 S. E. (2d) 461 (1987). Clearly, it would have been error for the trial judge to submit a charge of accessory after the fact on appellant's behalf for the jury's consideration. The trial judge properly denied the only relief appellant requested.

I would dispose of appellant's remaining exceptions under Supreme Court Rule 23 and affirm his convictions.

LITTLEJOHN, Acting Associate J., concurs.