## 1818

The STATE, Respondent v. Craig Layman GOOD, Appellant.

(417 S.E. (2d) 640)

Court of Appeals

*C. Rauch Wise,* of *Wise & Tunstall,* Greenwood, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard April 15, 1992.

Decided May 11, 1992.

GOOLSBY, Judge:

Craig Layman Good (Craig) appeals his convictions for two counts of murder and armed robbery, grand larceny of a motor vehicle, and criminal conspiracy. The issues on appeal involve the admission of evidence of a prior crime, the admission of hearsay evidence, and the failure of the trial judge to give an instruction concerning accessory after the fact of murder. We affirm.

Craig and his fifteen-year old twin brother Timothy Sean Good (Timothy) were convicted of murdering and robbing their grandmother and their father, of conspiracy to murder and rob them, and of grand larceny of their grandmother's and her husband's truck. The murders and robberies took place inside a camper trailer owned by the grandmother.

During the trial, each brother blamed the other for the murders and robberies. Craig testified he heard shots as he stepped inside the camper after having fed some dogs, saw his grandmother and father fall, and saw his brother had "the gun." Timothy, on the other hand, testified he was outside the camper shaking a rug and his brother was inside the camper when his grandmother and father were killed.

## I.

Craig complains first about the admission of evidence concerning his burglary of his grandmother's home during which money, credit cards, checks, jewelry, and four firearms were stolen. The burglary occurred less than four months prior to the murders of his grandmother and his father and the theft of a wallet, a checkbook, and jewelry belonging to his grandmother and a wallet and a beeper belonging to his father.

Timothy offered the challenged evidence through the testimony of a deputy sheriff as part of his defense. Craig admitted at trial to the commission of the burglary but objected to the admissibility of the evidence on the ground of relevancy. The trial judge overruled the objection.

He did not err in doing so.

Although evidence that an accused committed another crime independent of and unconnected with the one on trial is generally inadmissible, recognized exceptions permit the admission of evidence of other crimes committed by the accused to prove the specific crime charged when it tends to establish, among other things, the motive, intent, or identity of the person charged. *State v. Johnson*, — S.C. —, 410 S.E. (2d) 547 (1991); *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).

At trial, the identity of the grandmother's and father's assailant was an issue in the case. As we mentioned, each twin blamed the other for the murders and robberies. Since the questioned evidence is some evidence of Craig's intent and motive, it tends to identify him as grandmother's and father's murderer. *See State v. Lynch*, 327 N.C. 210, 393 S.E. (2d) 811 (1990) (evidence of the defendant's surreptitious entry into the victim's home one month prior to her murder was admissible to show the defendant's intent toward the victim, and hence, his identity as the assailant); *Masters v. State*, 186 Ga. App. 795, 368 S.E. (2d) 557 (1988) (evidence of a prior burglary over five years earlier was admissible to prove intent and bent of mind in an accused's subsequent trial for burglary and criminal damage to property).

## II.

Craig next complains about the admission of testimony concerning a statement given by Scott Mangus, who was arrested with the Good twins, to Randall Fowler, a Tennessee detective. He contends the testimony contains inadmissible hearsay evidence.

Fowler testified he asked Mangus to identify the person who took a checkbook and rings stolen from the Goods' grandmother and Mangus told him that "Craig took them from his grandmother's house and the rings were in a jewelry box."

The trial judge committed no reversible error in allowing Fowler's testimony in evidence. It was cumulative to other evidence. Earlier the State published without objection Fowler's written report concerning his conversation with MAngus. Fowler's report recited Fowler asked Mangus "who took the check book and rings [and] [Mangus] said that Craig took them from his grandmother's house and the rings were in a jewelry box." *See Harwell v. Columbia Mills,* 112 S.C. 177, 98 S.E. 324 (1919) (any error in the admission of evidence was harmless and not reversible where the same or similar evidence was admitted without objection); *State v. Newell,* 303 S.C. 471, 401 S.E. (2d) 420 (Ct. App. 1991) (the admission in evidence of a breathalyzer checklist held harmless error where the checklist was cumulative to the in-court testimony given by its author).

## III.

Craig directs his final complaint at the trial judge's refusal in his jury instructions to define the offense of accessory after the fact. We find no error.

The indictment did not charge Craig with being an accessory after the fact and he makes no argument that the offense of accessory after the fact is a lesser-included offense of any of the offenses alleged in the indictment. *State v. Hartley,* — S.C. —, 414 S.E. (2d) 182 (Ct. App. 1992); *see State v. Roof,* 298 S.C. 351, 354, 380 S.E. (2d) 828, 829-30 (1989) . (Gregory, C.J., dissenting) (where each of two defendants testified he was not present when the victim was shot and killed inside a trailer and the indictment against the

defendants did not allege accessory after the fact, it would have been error for the trial judge to submit the charge of accessory after the fact for the jury's consideration).

Moreover, the trial judge correctly charged the jury based on the evidence and the issues developed in the trial of the case. *See State v. Tucker*, 273 S.C. 736, 259 S.E. (2d) 414 (1979) (the Supreme Court reviews a jury charge for error by considering the charge as a whole in light of the evidence and issues as presented during the trial). In his charge, the trial judge instructed the jury concerning the presumption of innocence, reasonable doubt, the State's burden to establish guilt beyond a reasonable doubt, the meaning of reasonable doubt, the offenses of murder, robbery, larceny, and conspiracy, and the defense of alibi. He also told the jury,

> [I]n order to convict any defendant of any crime, the evidence must prove that he either perpetrated the crime or affirmatively aided and abetted . . . its commission. Prior knowledge that the crime is going to be committed, without more, is not sufficient to make a person guilty of that crime. Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish guilt unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

The trial judge concluded by telling the jury it could find each defendant, depending on its view of the evidence, guilty or not guilty of each count alleged in the indictment.

Reliance by Craig on *State v. Collins*, 266 S.C. 566, 225 S.E. (2d) 189 (1976) is misplaced. The latter concerned the failure of the trial judge to instruct the jury regarding the offense of accessory *before* the fact and not the offense of accessory *after* the fact.

Affirmed.

BELL and CURETON, JJ., concur.