539 S.E.2d 419

The STATE, Respondent/Appellant,

v.

Larry GREEN, Appellant/Respondent.

No. 3260.

Court of Appeals of South Carolina.

Submitted Oct. 9, 2000.
Decided Nov. 20, 2000.

208

Sally G. Calhoun, of Beaufort, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, both of Columbia; and Solicitor Randolph Murdaugh, III, of Hampton, for respondent.

SHULER, Judge:

Larry Green appeals his conviction and sentence for third degree criminal sexual conduct (CSC), arguing the trial court lacked subject matter jurisdiction to convict him of the offense. We agree and vacate Green's conviction.[1]

## PROCEDURAL HISTORY

On October 21, 1996, a Hampton County grand jury indicted Larry Green on one count of first degree CSC with a minor in violation of S.C.Code Ann. § 16–3–655(1) (1985). Following a mistrial, Green was retried in June 1998. Over Green's objection, the trial court submitted several allegedly lesser included offenses for the jury's consideration. The jury subsequently convicted Green of CSC in the third degree and the court sentenced him to ten years imprisonment, suspended upon the service of eight years and five years probation. This appeal followed.

## LAW/ANALYSIS

Green first argues the trial court lacked subject matter jurisdiction to convict him of third degree CSC because it is not a lesser included offense of first degree CSC with a minor, the crime for which he was indicted. We agree.[2]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Although Green failed to make this precise argument below, we address it on appeal because issues involving subject matter jurisdiction

Without question, "[a] defendant cannot be convicted of a crime for which he is not indicted if it is not a lesser included offense to that charged in the indictment." *State v. Roof,* 298 S.C. 351, 354, 380 S.E.2d 828, 830 (1989); *State v. Elliott,* 335 S.C. 512, 513, 517 S.E.2d 713, 714 (Ct.App.1999) ("[The] circuit court does not have subject matter jurisdiction to convict a defendant 'unless there has been an indictment, a waiver of indictment, or unless the charge is a lesser included offense of the crime charged in the indictment.' ") (quoting *Murdock v. State,* 308 S.C. 143, 144, 417 S.E.2d 543, 544 (1992)). The test for determining whether an offense is a lesser included of that charged in the indictment is "whether the greater of the two offenses includes all the elements of the lesser offense." *Carter v. State,* 329 S.C. 355, 363, 495 S.E.2d 773, 777 (1998). Thus, "[i]f the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." *Hope v. State,* 328 S.C. 78, 81, 492 S.E.2d 76, 78 (1997) (quoting *State v. Bland,* 318 S.C. 315, 317, 457 S.E.2d 611, 612 (1995)).

Here, the indictment charged Green with CSC with a minor in the first degree, an offense committed by engaging in a sexual battery with a victim less than eleven years of age. *See* S.C.Code Ann. § 16–3–655(1) (1985). Among other offenses, however, the trial court instructed the jury on CSC third in the following manner:

> A person is guilty of criminal sexual conduct in the third degree if the actor engages in sexual battery with the victim and if the following circumstance is proven[:] [T]he actor knows or has reason to know the victim is physically helpless and aggravated force or aggravated coercion was not used to accomplish sexual battery.

*See* S.C.Code Ann. § 16–3–654(1)(b) (1985).

On its face, the lesser offense of third degree CSC contains an element not found in the greater offense of first degree CSC with a minor; specifically, that the actor knew or had reason to know that the victim was physically helpless. Accordingly, CSC third is not a lesser included offense of CSC first with a minor and the trial court lacked subject matter

---

may be raised at any time. *Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998); *Browning v. State,* 320 S.C. 366, 465 S.E.2d 358 (1995).

jurisdiction to convict Green of this offense. *See State v. McFadden,* 342 S.C. 629, 539 S.E.2d 387 (2000) (in affirming vacation of defendant's conviction for third degree CSC pursuant to § 16–3–654(1)(b) where defendant was indicted only for first degree CSC, court stated former was not a lesser included offense of latter because it contained two additional elements not included in the latter); *State v. Munn,* 292 S.C. 497, 357 S.E.2d 461 (1987) (defendant indicted for criminal sexual conduct in the second degree may not be convicted of criminal sexual conduct with a minor in the second degree because the latter is not a lesser included offense as it required the additional element of an age requirement).

Green's conviction for third degree CSC is therefore

**VACATED.**[3]

STILWELL and HOWARD, JJ., concur.

---

3. Because our decision on this issue is dispositive of Green's appeal, we need not discuss the remaining issues raised in the brief.