THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING   EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Steven David Frazier, Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No.  2007-UP-052 
Heard January 9, 2007  Filed February 7, 2007

AFFIRMED

 
 
 
 Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R. J. Shupe , all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Steven David Frazier appeals his conviction for involuntary manslaughter, arguing the trial court erred in not giving the full jury charge on proximate cause when the jury requested to hear the charge again. Frazier also contends the trial courts recharge was a charge on the facts.  We affirm.[1]
FACTS
On the evening of November 21, 2001, Greenville County Sheriffs Deputy Kevin Lewis was dispatched to 35 Emma Street in Greenville, where he met the victim, James Williams.  Williams informed Deputy Lewis that he went to the location to visit his ailing aunt.  As he approached the house, Frazier, a distant cousin, met him on the porch.  Frazier, apparently upset because of some past comment Williams made regarding Fraziers mother, grabbed and shook Williams, threw him off the porch, and then drove away from the scene. 
Lewis noticed Williams was visibly upset and had a one-inch bruise on the right side of his head, a cut on his left index finger, and a cut behind his left knee.  Williams also complained of soreness in both his left shoulder and ankle and stated he sustained his injuries when he was thrown from the porch.  Although an ambulance soon arrived, Williams declined to leave and said he would go to the hospital on his own. 
Lewis prepared a report of the incident and labeled it as a simple assault and battery.  Because Lewis did not see any initial aggravating circumstances, he advised Williams to follow up with the magistrates office and gave him the necessary paperwork.
At the hospital, nurse Nika Fowler examined Williams.  Fowler noticed abrasions to Williamss chest, posterior, knee, and head.  Williams also complained of pain in his left shoulder and right thumb.  In her notes, Fowler recorded that Williams weighed 250 pounds, had a prior heart valve replacement, and was taking Lipitor and Coumadin, a blood-thinning medication.  The hospital discharged Williams several hours later, and he left without assistance.  
On November 28, Williams complained about excruciating leg pain and had his brother take him to the emergency room.  Although Williams did not seem to be doing any better, the hospital released him.  
The next day, Williams, while at home, complained of a severe headache and again asked his brother to take him to the hospital.  When the brother arrived at the house, however, Williams could not move because his left leg was numb and ended up calling an ambulance to transport him.  At the hospital, doctors discovered Williams had a subdural hemorrhage over the right side of his brain.  Williams had surgery to relieve the pressure on his brain, but died December 2, 2001.  Dr. Michael Ward, Chief Medical Examiner for Greenville County, opined the cause of death was complications of blunt force trauma to the head, with subdural hemorrhage and cerebral hypoxia.
Frazier was subsequently charged with involuntary manslaughter.  At trial, Frazier claimed the doctors gross negligence in failing to earlier diagnose Williamss subdural hemotoma was an intervening cause of his death.  During the hearing, the defense presented evidence that Williamss estate had filed a malpractice suit against the hospital and several members of its medical staff.
The trial courts charge to the jury provided in pertinent part as follows:

 Now, ladies and gentlemen, our law recognizes that there may be more than one proximate cause.  The act of two or more persons may combine and concur together as a proximate cause [of] the death of a person.  
 A defendants act may be regarded as the proximate cause if it [is] a contributing cause of the death of the deceased.  A defendants act need not be the sole cause of the death, provided that it be a proximate cause contributing to the death of the deceased.  
 I charge you that it is not a defense to show that the deceased might have recovered had he been treated according to the most approved surgical or medical standard or as a reasonably prudent physician would have treated in the case.  
 If, however, the death was caused not by the injury that the deceased received, but was caused by erroneous medical care; that is, where the medical treatment was so gross that it was the cause of the death, then this defendant would not be guilty of involuntary manslaughter.  
 Ladies and gentlemen, the fact that other causes contributed to the death would not relieve this defendant of responsibility.  If the conduct of this defendant contributed mediately or immediately to the death of the alleged victim in this case he would be responsible.  
 In other words, the acts or conduct of this defendant must be only a proximate cause of the death.  It need not be the direct, immediate or sole cause.  It is sufficient if the cause of death resulted naturally from the acts or conduct of this defendant, as, for example, and only for example, where the direct cause of death was a disease, infection or condition caused by or resulting from the conduct of the defendant.  Proximate cause means the real cause, the efficient cause, without which the event in question would not have occurred. 

Neither side objected to the trial courts initial jury instructions. 
During deliberations, the jury requested a recharge on circumstantial evidence and the rule of proximate cause as it relate[d] to the verdict.  The trial court recharged the jury as follows:

 With respect to proximate cause, ladies and gentlemen, the fact that other causes contributed to the death of the deceased in this case would not relieve this defendant from responsibility.  If his conduct contributed mediately or immediately to the death of the alleged victim, then he would be guilty. 
  In other words, our law recognizes that there may be more than one proximate cause.  The act of two or more persons may combine and concur together as a proximate result of the cause of death of a person.  
 Now, the defendants act may be regarded as a proximate cause if it is a contributing cause of the death of the decedent.  A defendants act need not be the sole cause of death, provided, of course, that it be a proximate cause contributing to the death of the decedent.  

The trial court then asked if the recharge aided the jury in its deliberations, and the jury foreman responded, [Y]es, sir.  The trial court then recharged the jury on circumstantial evidence.  After the trial court finished, defense counsel objected to the trial courts recharge and requested that the trial court re-instruct the jury that as far as that recklessness would relieve someone, would break the chain of proximate cause.  The trial court declined to charge the jury any further.  Counsel also objected unsuccessfully to what he contended was the trial courts impermissible comments on the facts during the recharge.
After deliberating, the jury convicted Frazier of involuntary manslaughter.  This appeal followed.   
LAW/ANALYSIS
1.  We disagree with Fraziers argument that, when the jury asked to be recharged on the issue of proximate cause, the trial court erred in refusing to repeat the instruction that if the jury found gross medical negligence caused Williamss death, it could conclude that Frazier was not legally responsible.  
A trial court is required to charge only the current and correct law of South Carolina.[2]  A jury charge is deemed correct when the charge, read as a whole, adequately covers the applicable law.[3]  When a jury requests an additional charge, the trial court need only charge the parts of the initial charge necessary to answer the jurys request.[4]  Moreover, to warrant a reversal, the trial courts refusal to give a requested charge must be both erroneous and prejudicial.[5]  
In the present case, the trial courts initial jury charge contained a lengthy explanation of proximate cause.  In the charge, the trial court also explained the law regarding intervening medical gross negligence.  The charge included instructions that, if the jury found the medical treatment Williams received was so gross that it was the cause of death, Frazier would not be guilty.  When the jury requested a recharge, the jury foreman specifically asked only about the rule of proximate cause and did not ask about intervening medical causation.  Furthermore, after the trial courts recharge, the trial court asked if the reissued cause charge aided the jury, and the foreman responded in the affirmative.  
We therefore hold the trial courts recharge was sufficient.  Here, the jury inquired about only proximate cause and, in response to the trial courts inquiry, indicated it was satisfied with the recharge.  In addition, because intervening medical causation was adequately covered by the first charge, we can discern no prejudice to Frazier.[6]  Accordingly, the trial court did not err in failing to recharge the jury on the law regarding intervening medical causation. 
2.  Next, Frazier argues the trial courts recharge on proximate cause amounted to impermissible commentary on the facts of the case.   We disagree.
The South Carolina Constitution provides, Judges shall not charge the juries in respect to matters of fact, but shall declare the law.[7]  This provision mandates that the trial court refrain from all comment which tends to indicate . . .  opinion as to the weight or sufficiency of evidence, the credibility of witnesses, the guilt of the accused, or as to the controverted facts.[8]  The rationale behind the constitutional provision is that our justice system is based on the notion that every person charged with a crime has an absolute right to a fair and impartial trial.[9]  Fundamental to the concept of a fair and impartial trial is the requirement of neutrality on the part of the trial court.[10]  
We hold the trial court, in recharging the jury, did not comment on the facts of the case.  Frazier points to the portion of the trial courts recharge that provided as follows:  Now, the defendants act may be regarded as a proximate cause if it is a contributing cause of the death of the decedent.  A defendants act need not be the sole cause of death, provided . . . that it be a proximate cause contributing to the death of the decedent.  (emphasis added by Frazier).  The recharge does not reference any specific testimony or facts nor did the trial court inject any opinion as to the weight of the evidence against Frazier.  The trial court merely recharged the jury with the applicable law regarding proximate cause.   Accordingly, we find no error in the trial courts recharge on proximate cause.
AFFIRMED.
GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  State v. Hughey, 339 S.C. 439, 450, 529 S.E.2d 721, 727 (2000).  
[3]  Id. (citing Keaton v. Greenville Hosp. Sys., 334 S.C. 448, 495-96, 514 S.E.2d 570, 574 (1999)).  
[4]  State v. Barksdale, 311 S.C. 210, 216, 428 S.E.2d 498, 502 (Ct. App. 1993).  
[5]  Hughey, 339 S.C. at 450, 529 S.E.2d at 727 (citing Ellison v. Parts Distrib., Inc., 302 S.C. 299, 301, 395 S.E.2d 740, 741 (Ct. App. 1990)).  
[6]  See  Rauch v. Zayas, 284 S.C. 594, 596, 327 S.E.2d 377, 378 (Ct. App. 1985) (noting a trial courts failure to charge in greater detail is not error if the details were covered in the original charge).
[7]  S.C. Const. Art. V § 21.  
[8]  State v. Kennedy, 272 S.C. 231, 234, 250 S.E.2d 338, 339 (1978) (citations omitted).  
[9]  Id.  
[10] Id.