THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Robert Samuel Eakes, Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-105
Submitted March 1, 2007  Filed March 6, 2007

AFFIRMED

 
 
 
Appellate Defender Eleanor Duffy Cleary, South Carolina Commission on Indigent Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R. J. Shupe, Office of the Attorney General, of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Robert Samuel Eakes appeals his convictions for kidnapping, assault and battery of a high and aggravated nature, and malicious injury to real property.  We affirm.[1] 
Eakes argues the trial court erred in commenting on the facts of the case when charging the jury on kidnapping.  It is elementary that in the course of the trial of a criminal case, the trial [court] must refrain from all comment which tends to indicate his opinion as to the weight or sufficiency of evidence, the credibility of witnesses, the guilt of the accused, or as to the controverted facts.  State v. Kennedy, 272 S.C. 231, 234, 250 S.E.2d 338, 339 (1978).  The trial court issued the following charge:

Now, with respect to kidnapping, section 16-3-920 says that whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law shall be guilty of a felony.  So kidnapping is the taking and carrying away of a person from one place to another however slight by unlawful force or by fraud or against that persons will.
With respect to proving kidnapping, the State must prove, first of all, that there was an intent to violate the law in this case to kidnap the victim.  Second, the taking by the person from one place to another, that is, from one place in the house to another or from one place in the house to another location, it makes no difference because it is the fact of removal and not the distance that constitutes kidnapping. 

(emphasis added).  Eakes argues the trial court committed reversible error in mentioning kidnapping can include moving a person from one place in the house to another location, because the facts of the case involved Eakes moving the victim from one place in a house to another.
The trial court expressed no opinion whatsoever.  The trial court did not make an untoward comment on the facts of the case, but simply posited a generic illustration of a legal principle.  The trial court merely explicated the legal concept that kidnapping can occur in a house, because kidnapping is based on the removal of a person from one place to another rather than the distance a person is removed.   
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.