THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jerry L.
 Rosemond, Appellant.
 
 
 

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge
Unpublished Opinion No. 2010-UP-375
Submitted June 1, 2010  Filed July 27,
 2010    
AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; Solicitor
 Robert M. Arial, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Jerry L. Rosemond appeals his conviction
 for strong arm robbery, arguing the trial court erred in admitting hearsay
 testimony regarding his identity into evidence.  We affirm.[1]          
At
 trial, a police officer who participated in the search for the robber stated an
 elderly woman at the residence where the robbery occurred identified Rosemond
 as the man who matched the description of the robber.  Rosemond contends this
 statement constitutes inadmissible hearsay.  The State argues the statement was
 not offered for the truth of the matter asserted, but was offered to explain
 how the police officer was conducting her investigation.  However, even
 assuming the statement was hearsay, its admission by the trial court was
 harmless.  See State v. Weston, 367 S.C. 279, 288, 625 S.E.2d 641,
 646 (2006) ("The improper admission of hearsay is reversible error only
 when the admission causes prejudice.").  The admission of the hearsay
 statement in this case was harmless because it was cumulative to other similar
 testimony offered without objection.  See State v. Good, 308 S.C.
 308, 311, 417 S.E.2d 640, 642 (Ct. App. 1992).  Here, the first police officer
 testified she believed her conversation with the elderly woman was included in
 the report on the robbery. Additionally, a second police officer testified,
 without objection, that he received a report in which Rosemond was identified
 as the primary suspect in the robbery.  Moreover, the admission of the statement
 was harmless because it could not have reasonably affected the outcome of the trial.  See State v. Mitchell, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985). 
 There was ample evidence from which the jury could have found Rosemond guilty. 
 The victim identified Rosemond without hesitation in the photographic lineup
 and at trial.  Further, the second police officer testified Rosemond's voice
 matched a description of the robber's voice, and Rosemond lived at the
 residence where the robbery occurred.  Accordingly, the trial court did not
 commit reversible error in admitting the hearsay statement.       
AFFIRMED.
FEW, C.J., THOMAS, and PIEPER, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.