THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Victor Harvey
 Anderson, Appellant.
 
 
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-015
 Submitted November 1, 2010  Filed January
25, 2011    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General William M. Blitch, Jr., all of
 Columbia; Solicitor Scarlett Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Victor
 Harvey Anderson appeals his conviction for failure to register as a sex
 offender, arguing the trial court erred in (1) declining to find the Sex
 Offender Registry Law unconstitutional and in violation of the Due Process
 Clause; (2) denying his motion for directed verdict; (3) admitting testimony
 regarding a prior bad act; and (4) admitting testimony regarding a form signed
 by Anderson.  We affirm.[1]  
1. As to whether the trial court
 erred in declining to find the Sex Offender Registry Law unconstitutional, this
 issue is not preserved for our review because Anderson did not raise this issue
 to the trial court.  See State v. Dunbar, 356 S.C. 138, 142, 587
 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for
 appellate review, it must have been raised to and ruled upon by the trial
 judge.").  
2. As to whether the trial court
 erred in denying Anderson's motion for directed verdict because the State did
 not provide evidence of notice, a review of the statutory language in section
 23-3-460 of the South Carolina Code (Supp. 2009) indicates the South Carolina
 Legislature did not include language requiring the State to notify sex
 offenders regarding the change in registration requirements when it amended the
 statute in 2006 to require registration on a biannual basis.  Any attempt to
 insert a notification requirement into section 23-3-460 would run contrary to
 the plain and ordinary meaning of the statute.  See State v. Brannon,
 379 S.C. 487, 496, 666 S.E.2d 272, 276 (Ct. App. 2008) ("The words of a
 statute must be given their plain and ordinary meaning without resorting to
 subtle or forced construction.").  Thus, the State provided substantial
 direct evidence proving Anderson was guilty of failing to register as a sex
 offender because Detective Catlett testified Anderson did not register on May
 5, 2007, as required by statute.  See State v. Weston, 367 S.C.
 279, 292-93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence
 or any substantial circumstantial evidence reasonably tending to prove the
 guilt of the accused, the [appellate court] must find the case was properly
 submitted to the jury.").  Accordingly, the trial court correctly denied
 Anderson's motion for directed verdict.          
3. As
 to whether the trial court erred in admitting testimony regarding Anderson's
 failure to provide an updated address as required by statute, Anderson's
 challenge to Catlett's statement on the basis of a prior bad act is not
 preserved for our review because Anderson did not object to the statement on
 this basis before the trial court.  See Dunbar, 356 S.C. at 142,
 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate
 review, it must have been raised to and ruled upon by the trial judge."). 
 Regarding the inadmissibility of the statement on the basis of hearsay, we hold
 the trial court correctly admitted Catlett's testimony.  The statement did not
 qualify as hearsay because it was not offered to prove the truth of the matter
 asserted  whether Anderson failed to register in the past.    Instead, the
 statement was offered to explain how Catlett conducted her investigation.  See Rule 801(c), SCRE (stating hearsay is a statement, other than one made by the
 declarant while testifying at the trial or hearing, offered in evidence to
 prove the truth of the matter asserted).    
4. As
 to whether the trial court erred in admitting Catlett's testimony regarding a
 form signed by Anderson, we find this issue is abandoned.  See Rule 208(b)(1)(D),
 SCACR ("[T]he particular issue to be addressed shall be set forth in
 distinctive type, followed by discussion and citations of authority."); Hunt v. Forestry Comm'n, 358 S.C. 564, 573, 595 S.E.2d 846,
 851 (Ct. App. 2004) ("Issues raised in a brief but not supported by
 authority are deemed abandoned and will not be considered on appeal.").  Additionally, the admission of Catlett's statement was
 harmless and did not prejudice Anderson because it was cumulative to other
 testimony offered by Catlett.  Catlett testified without objection that
 Anderson was notified three times about the change in the registration
 requirements.  See State v. Good, 308 S.C. 308, 311, 417 S.E.2d
 640, 642 (Ct. App. 1992) (holding the admission of improper hearsay evidence is
 harmless when it is merely cumulative to other evidence admitted without
 objection).  

AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.