THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Demetris Antwan
 Goode, Appellant.
 
 
 

Appeal From Greenwood County
D. Garrison Hill, Circuit Court Judge

Memorandum Opinion No. 2011-MO-016
Heard June 8, 2011  Filed July 5, 2011

AFFRIMED

 
 
 
 C. Rauch Wise, of Greenwood, for Appellant
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General Mark R. Farthing, Office of the Attorney
 General, all of Columbia, Jerry W. Peace, Eighth Circuit Solicitor's Office, of
 Greenwood, for Respondent
 
 
 

PER CURIAM:  Appellant
 Demetris Antwan Goode appeals his conviction for cocaine trafficking and
 possession.  Goode maintains that the circuit court erred by: (1) charging the
 jury on a lesser-included offense of trafficking between ten and twenty-eight
 grams of cocaine; (2) failing to grant his motion for a directed verdict; (3)
 failing to use his proposed jury charges; and (4) failing to require the State
 to open fully on the law and the facts during its closing argument.  We affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. Lesser-included
 charge: State v. Gosnell, 341 S.C. 627,
 637, 535 S.E.2d 453, 459 (Ct. App. 2000) ("Conspiracy to traffic in an
 amount of cocaine contained within a lesser sentencing level than that alleged
 in the indictment may be proper where the amount involved in the object of the
 conspiracy is in controversy.").  
2.  Directed
 Verdict: State v. McHoney, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001).   ("If
 there is any direct evidence or substantial circumstantial evidence reasonably
 tending to prove the guilt of the accused, we must find the case was properly
 submitted to the jury.").
3.  Jury
 Charges: S.C. Const. Art. V, Sec. 21("Judges shall not charge juries in
 respect to matters of fact, but shall declare the law."); State v.
 Adkins, 353 S.C. 312, 319, 577 S.E.2d 460, 464 (2003) ("A jury charge
 which is substantially correct and covers the law does not require reversal."); State v. Smith, 288 S.C. 329, 331, 342 S.E.2d 600, 601 (1986) (holding
 that the circuit court's jury charge may not contain any language which "tends
 to indicate his opinion as to the weight or sufficiency of the evidence, the
 credibility of the witnesses, the guilt of the accused or as to controverted
 facts").
4.  State's
 Closing Argument: State v. Lee, 255 S.C. 309, 318, 178 S.E.2d 652, 656
 (1971) (holding that a solicitor is not required to open a closing argument on
 issues of fact).
TOAL, C.J., PLEICONES,
 BEATTY, KITTREDGE and HEARN, JJ., concur.