THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Maurice L.
 Franklin, Petitioner,
v.
State of South Carolina, Respondent.
 
 
 

Appeal from Pickens County
Edward W. Miller, Circuit Court Judge
John C. Few, Post-Conviction Relief Judge

Memorandum Opinion No. 2011-MO-023
Submitted August 3, 2011  Filed August
 22, 2011

AFFIRMED

 
 
 
 
Appellate Defender M. Celia Robinson, of the South Carolina Commission
 on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot, and Assistant
 Attorney General Karen C. Ratigan, all of the Office of the Attorney General,
 of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari
 from the denial of his application for post-conviction relief (PCR).
 Because
 there is sufficient evidence to support the PCR judges finding that petitioner
 did not knowingly and intelligently waive his right to a direct appeal, we
 grant the petition for a writ of certiorari, dispense with further briefing,
 and proceed with a review of the direct appeal issue pursuant to Davis v.
 State, 288 S.C. 290, 342 S.E.2d 60 (1986).  
Petitioner argues the trial judge erred in refusing to charge the
 jury that the failure to promptly report an incident of sexual abuse creates
 an inference that the incident did not happen.  Under South Carolina law, it is a general rule that a trial
 judge should refrain from all comment which tends to indicate to the jury his
 opinion on the credibility of the witnesses, the weight of the evidence, or the
 guilt of the accused.  State v. Jackson, 297 S.C. 523, 377 S.E.2d 570
 (1989).  We find that while
 defense counsel can, and in this case did, argue the jury should infer, based
 on the delay in reporting the incidents of sexual abuse, that the incidents did
 not occur, a jury charge on such an inference is impermissible because it places
 undue emphasis on circumstantial evidence.  See State v. Grant,
 275 S.C. 404, 272 S.E.2d 169 (1980).  Further, the charge appears to express an
 opinion on the alleged victim's credibility.  See State v. Roof, 298 S.C. 351, 380 S.E.2d 828 (1989).  Accordingly, the trial judge did not err in refusing to give the
 requested charge. 
AFFIRMED.
 TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.