**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Scott Bagwell, Appellant.

Appellate Case No. 2017-001844

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

Unpublished Opinion No. 2020-UP-128
Submitted March 1, 2020 – Filed May 6, 2020

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of
Columbia, and James Kristian Falk, of Falk Law Firm,
LLC, of Charleston, both for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor William Walter Wilkins,
III, of Greenville, all for Respondent.

**PER CURIAM:** David Scott Bagwell appeals his conviction for criminal sexual conduct with a minor, first degree, and resulting thirty-year sentence. On appeal,

Bagwell argues the trial court erred by (1) denying his motion for a mistrial and (2) admitting the victim's forensic interview into evidence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not abuse its discretion by denying Bagwell's motion for a mistrial. *See State v. Edwards*, 373 S.C. 230, 236, 644 S.E.2d 66, 69 (Ct. App. 2007) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *id.* ("Granting of a mistrial is a serious and extreme measure which should only be taken when the prejudice can be removed no other way."); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 851 (Ct. App. 1999) ("This [c]ourt favors the exercise of wide discretion in determining the merits of [a mistrial] motion in each individual case."); *State v. Kennedy*, 272 S.C. 231, 234, 250 S.E.2d 338, 339 (1978) ("It is elementary that in the course of the trial of a criminal case, the trial judge must refrain from all comment which tends to indicate his opinion as to the weight or sufficiency of evidence, the credibility of witnesses, the guilt of the accused, or as to the controverted facts."). Here, the trial court did not convey its opinion as to the weight or sufficiency of evidence, credibility of witnesses, guilt of the accused, or controverted facts; rather, it read from the indictment while introducing the case to the jury panel.

2. The trial court did not abuse its discretion by admitting the victim's forensic interview into evidence. *See State v. Doulgas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *id.* at 429-30, 632 S.E.2d at 848. ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). The forensic interview was admissible pursuant to section 17-23-175 of the South Carolina Code (2014). *See State v. Whitner*, 399 S.C. 547, 558, 732 S.E.2d 861, 867 (2012) ("[I]n [criminal sexual conduct] cases involving minors, the Legislature has made specific allowances for such hearsay statements of child victims under the proper circumstances."); S.C. Code Ann. § 17-23-175(A) ("[A]n out-of-court statement of a child is admissible if: (1) the statement was given in response to questioning conducted during an investigative interview of the child; (2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means . . . ; (3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and (4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the

circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness."); S.C. Code Ann. § 17-23-175(B) ("In determining whether a statement possesses particularized guarantees of trustworthiness, the court may consider, but is not limited to, the following factors: (1) whether the statement was elicited by leading questions; (2) whether the interviewer has been trained in conducting investigative interviews of children; (3) whether the statement represents a detailed account of the alleged offense; (4) whether the statement has internal coherence; and (5) sworn testimony of any participant which may be determined as necessary by the court."). Moreover, the record does not indicate the interviewer used leading questions or improperly bolstered the victim's testimony. *See State v. Tyner*, 273 S.C. 646, 653, 258 S.E.2d 559, 563 (1979) ("A leading question is one which suggests to the witness the desired answer.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.